# HARRISON v. THE CARBON TIMBER COMPANY ET AL.

ACTIONS — VENUE — ACTIONS AGAINST CORPORATIONS — STATUTORY CONSTRUCTION—SERVICE OF SUMMONS UPON CORPORATION.

1. Though Section 3500, Revised Statutes of 1899, provides that an action, other than a local action, against a domestic corporation may be brought in the county in which such corporation is situate, or. has its principal office or place of business, it is not to be construed as prohibiting the bringing of the action against such a corporation jointly with another party in the county where the latter resides and may be summoned, where the corporation is properly made a party to enforce a joint liability.

2. Where a domestic corporation is rightly joined as defendant with another party in an action not local or otherwise specially provided for, section 3500 Revised Statutes of 1899 is not exclusive as to the county where such an action may be brought, but in such case it will be proper to bring the action in the county where the other joint defendant resides or may be summoned.

3. In section 3516 Revised Statutes of 1899, which provides that "a summons against a corporation may be served upon the president, mayor, chairman or president of the board of directors or trustees or other chief officer, or if its chief officer be not found in the county, upon its cashier, treasurer, secretary, clerk or managing agent, or if none of the aforesaid officers can be found, by a copy left at the office or usual place of business of such corporation with the person having charge thereof," the "county" referred to is the county where the corporation is situated or has its principal office or place of business, and not the county in which it may be sued as a joint defendant; and where such corporation is sued as a joint defendant in a county other than that of its residence summons against it must be served in the county of its residence, unless service is made as provided in Chapter 52, Session Laws of 1903, which provides that process may be served upon a domestic corporation at its registered place of business, under that act, upon its designated agent.

[Decided December 30, 1905.]                (83 Pac. 215.)

ERROR to the District Court, Albany County, HON. CHARLES E. CARPENTER, Judge.

Action by Frank O. Harrison against the Carbon Timber Company, a corporation, Carl L. Vagner, Louis R. Meyer and Andrew Olson. From an order sustaining a motion of the Carbon Timber Company to quash and set aside the summons, and the return of the sheriff thereon, the plaintiff brought error. The material facts are set forth in the opinion.

*N. E. Corthell,* for plaintiff in error.

In enacting the provisions of Section 3500, Revised Statutes of 1899, it was not intended to do more than to fix a place where suits against a domestic corporation might be brought in the absence of any other ground of jurisdiction than the location of its principal office in the county. If the principal office of the company is or has been in a given county, an action may be brought against it in that county, whether it is possible to serve it with summons there or not, or whether any other ground of jurisdiction exists there or not. In the second place, the language of the statute itself is clearly and, we think, designedly permissible and not exclusive or mandatory, and was intended to add to rather than take away existing facilities for suing corporations. In the third place, the practical consequences of any other construction than that here contended for would be so disastrous, unjust and unequal, discriminating in favor of corporations against individuals, that the court would hardly feel, unless compelled by the language and apparent purpose of the legislation, to hold this section exclusive and restrictive. There are many cases where it is highly convenient, if not absolutely necessary, to join a number of defendants in the same action in order to do full justice. The defendants may be jointly liable upon promises or as tort feasors, or may have a common interest in the subject of the action, or may be otherwise so bound together in relation to the suit or the subject matter, that they must, or ought to be, brought to-

gether in a single proceeding where the whole controversy may be determined. Numerous provisions of the Code indicate the purpose of the Legislature to facilitate the joinler of parties in every proper case, to diminish the number and variety of suits, to expedite and shorten litigation, and generally to simplify in many ways the procedure of courts and the course of administrative justice.

We think that the expression, "every other action," in Section 3505, fairly covers cases in which corporations, either foreign or domestic, may properly be joined with one another or with individuals. This is the view of the matter taken by the Ohio courts, where this question has been presented. (Swan v. R. R. Co., 4 O. Dec., 71; Campbell v. Island Park Co., 4 O. Dec., 152; Baldwin v. Wilson, 7 O. N. P., 506; Stanton v. Inquirer Co., 7 O. N. P., 589.) The same view of a similar statutory question is taken by the Supreme Court of Iowa. (Baldwin v. R. R. Co., 5 Ia., 518.) A still stronger expression of this view is found in the opinions of the Supreme Court of California. (Bk. v. Superior Court, 83 Cal., 491.)

The Supreme Court of Ohio, in considering generally the scope and construction of the sections of the Code, prescribing the place where actions must or may be brought, adheres to the same view here advanced, that the Legislature has advisedly discriminated in the use of mandatory and exclusive language, on the one hand, and of permissive words on the other hand, in order to accomplish the general purpose of enlarging, facilitating and simplifying procedure for bringing defendants into court. (Osborn v. Lidy, 51 O. St., 97.)

It would not be difficult to advance other and further arguments upon the constitution and statutes of this state, which would make the argument even more persuasive than that found in the decisions cited. By the constitution and statutes of this state, District Courts are invested with general jurisdiction. By the statutes under which all domestic corporations are formed, it is specially prescribed

that such corporations "shall be capable of suing and *being sued* in any court in this state." (R. S., 3032.) Special provision is further made that the corporation may itself designate a particular place where suit must be brought. (R. S., 3503.) We feel justified upon these considerations and citations in assuming that this case was rightly brought in Albany County, where the joint defendant, Vagner, resided and was summoned. The only remaining question is the question whether service was rightly made upon Vagner as president of the company, in the county where the suit was brought, or whether the action being properly brought in Albany County, it was necessary not only to make service upon the president or other representative of the company, but to make such service at the principal office of the company in Carbon County, and not elsewhere. Or whether, in the third place, since the enactment of the statute of 1903, this method of service has been superseded, and there remains but one mode of service of process upon domestic corporations, and that by serving the statutory agent at the designated principal office.

We believe it is not questioned that the service in this case was made in at least literal compliance with the provisions of the original statute. (R. S., 3516.) An analysis of this statute seems to provide at least three alternate modes of service, to be followed in their order, namely: First, upon the president or other chief officer, if found in the county; second, upon the cashier, etc., or managing agent, if such representative can be found; third, upon the office itself, by leaving the writ with anyone found in charge. In the first two instances, service must be made upon a person who must be one of the designated representatives of the corporation. In the last case the service is essentially upon the office itself, irrespective of the consideration whether the person in charge is a representative of the corporation or not. In the third case, the concurrence of the place and the person in charge are essential to the service. In the first two cases, the concurrence of

the place and the persons do not appear to be necessary, and there is no reason to require any such concurrence. The officers designated are such as obviously may be presumed to represent the company with a considerable degree of authority, whether in or out of the office and whether or not actively employed at the moment in the service of the corporation. To hold to any other rule or construction of the statute would make it easy for a corporation to render service entirely impossible, while still actively carrying on its business. It would only be necessary to designate a particular place as its office or place of business, while carrying on its actual operations elsewhere, and making only a nominal use of its chief office, so that the office and the representatives of the company would at all times be separated. This supposition is more especially true of the act of 1903 providing for the designation of a statutory agent and also for the designation of the chief office, and concluding with the words, "any process made at such registered place of business and upon such designated agent shall be and is deemed sufficient service upon such corporation." (Laws of 1903, p. 62, Chap. 1.) If this expression be taken literally to mean that process must be served, not only upon the designated agent, but must be served upon him at the registered place of business, then the corporation needs only to separate its designated agent from its designated place of business, to prevent any service whatever under the act. (Newberry v. Ry. Co., 52 Kan., 613.)

But remedial statutes are not construed with the special object of enabling debtors to escape accountability nor to obstruct justice or lay undue burdens upon its administration. It is a uniform rule that they are construed liberally, to advance the remedy. Furthermore, in at least one case in Ohio it has been adjudged that even where suit is brought against a corporation in a county where its chief office is located, summons may be issued to another county and served upon the president of the company in such other county. (Campbell v. Island Park Co., 4 O. Dec., 152.)

In the argument of the case below, the rule was invoked that a foreign corporation having no office and transacting no business in the state cannot be subjected to the jurisdiction of its courts by serving the president or other representative of the company who is casually in the state on his own business and not on the business of the corporation. We are not questioning that rule. It is a rule of comity and interstate law which has never been applied, so far as we can learn, to domestic subdivisions or intra state transactions. A corporation, whether foreign or domestic, which transacts business in the state *ipso facto* becomes subject to the laws of that state, the jurisdiction of its courts, the exigencies of their process, and all rules of procedure established by common law or by statute, governing the rights and obligations of such corporations. Before any statute was enacted on the subject, it was the rule of the law that the service of process on the head officer of the corporation was sufficient and, indeed, the only proper method to acquire jurisdiction or to bind the corporation. (Tidd's Pr., 121; 19 Ency. Pl. & Pr., 652; DeWolf v. Mallett, 3 Dana, 214; Cloud v. Pierce Cy., 86 Mo., 357; Meriwether v. Bank, Dudley L. (S. C.), 36.)

Far from restricting the rule of the common law in this respect, the statutes obviously enlarged the remedy, prescribing many other representatives upon whom process may be effectually served, and even giving the remedy of the service upon its office or place of business, though no representative of the corporation may actually be there. Far from being a valid objection to service upon the chief officer of the company that such service is made in the county where he resides rather than in the county where the office is located, it would seem that there could be no place quite so proper to serve the general representative of the company as at his own home; and this argument has especial force where his home is in the county where the action is originally brought. Had the plaintiff in this case omitted to serve the president, though residing and found

in the county where the action was brought; and, on the contrary, caused summons to be issued to another county and served upon a subordinate officer or agent, there might be just reason to complain.

The only further objection that was urged in the court below was the suggestion that the act of 1903 providing for the appointment of a statutory agent upon whom process might be served, being a later enactment, was intended to supersede all previous methods of serving process upon domestic corporations. This point was not insisted upon with much force, and we do not believe it will be urged seriously in this court. Apart from the question of authority, the statute of 1903 is permissive and not exclusive in its terms, and indicates no purpose to supersede any of the other methods prescribed by law for accomplishing the same result. It is the general rule that such acts do not supersede or repeal other statutory provisions. (Congdon v. Ry. Co., 17 Mont., 481; Gillig v. Ind. G. & S. M. Co., 1 Nev., 247; Pollock v. Bldg. Assn., 48 S. C., 65; Silver v. Assurance Co., 3 N. Y. App. Div., 572; Howard v. Ins. Co., 1 N. Y. App. Div., 135.)

*McMicken & Blydenburgh,* for defendant in error, the Carbon Timber Company.

(1) Does the return of the sheriff show service upon the Carbon Timber Company, a corporation? (2) Can the Carbon Timber Company, a corporation, having its principal office in the County of Carbon, and having no office or place of business and doing no business in Albany County, be sued in Albany County on the cause of action set up in the petition? (3) If the suit can properly be brought in Albany County and was properly brought here, can the president of the corporation be served in Albany County, and thus service be obtained upon the corporation? And under this head, can service upon the officers of the corporation be made outside of the county of the domicile of the corporation, or its principal place of business?

In Directors, &c., v. Toledo, 15 O. St., 409, it was held that their statute, which is similar to our Section 3505, does not apply to corporations. The case of Hulgate v. Ry. Co. (Ore.), 17 Pac., 859, discusses a similar statute, and holds that service cannot be made upon a corporation outside of the county where its principal place of business is situated. The Ohio authorities cited in the brief of counsel for plaintiff in error are not applicable, for the reason that the statutes are not similar; and some of the cases cited are antagonistic to counsel's proposition.

The three modes of service provided for are all contained in one section, and the provisions must be read together. The word county in that section means the county of the domicile of the corporation. (West. Trav. Ac. Assn. v. Taylor (Neb.), 87 N. W., 951.)

Counsel proceeds to discuss the possible inconvenience of a rule of this character, but corporations are creatures of the state and the mode of service upon them is statutory, and under our own statutes, Section 3503, a corporation might by its articles prescribe a place where suit must be brought against it, and that statute then says that such provision in the articles shall govern; a corporation, therefore, if it desires to confine all suits to the county of its domicile could do so, or to a county other than its domicile. The method of procuring service at common law has no application, as the statutes of the state prescribe the only method of service. The remainder of counsel's argument is to the effect that the proper place to serve the chief officer of the company is where he resides. There is nothing in the return of the sheriff to show that Mr. Vagner resided in Albany County; it merely shows that he was served in that county; and we combat the proposition that even if he does reside there, that that is the proper place to serve him; he does not carry the corporation in his pocket.

As to service of process at common law on corporations: While we do not consider that it is at all applicable to the case at bar, as the statutory provisions are to be construed

and followed, the actual rule at common law was, originally, that a corporation could only be compelled to answer by service on the officer and a *distringas* against the goods and chattels of the corporation, and if·it had neither lands nor goods it was impossible to bring the corporate body into court, and it is only by statute that these things have been modified and annulled. The rule as to foreign corporations was cited in the court below to show the ruling of courts in such cases, and, by analogy, that a corporation could not be sued or served outside of its county. As to the act of 1903, we have been of the opinion that it was merely an addition to the other methods of service that were allowed by statute, although there are some cases which hold that an act of that kind is exclusive and repeals former statutory provisions. As stated in counsel's brief, we do not urge that proposition; we believe the law well settled on the other propositions.

It will be noticed that nowhere in the sheriff's return does that officer say that he served the Carbon Timber Company. He says that he delivered a certified copy to Carl L. Vagner, he being the president of the Carbon Timber Company. It has been held in numerous instances that the return must affirmatively show all that is necessary as to service upon the corporation, and service such as John Jones as president, etc., or John Jones, managing agent, etc., without saying that service was made on the corporation by delivering to John Jones, etc., is not good service. (Iron Co. v. Spradley, 42 Ala., 24; O'Brien v. Shaw's Flat, 10 Cal., 443; State v. Voorhees, 23 So., 871.)

The corporation must be sued in the place of its domicile. Such has been the general rule unless otherwise particularly prescribed by statute, and its domicile is the place of its principal place of business. (Sargent v. Life· Asso., 4 Weekly L. Bul., 659; Dewey v. Car Mfg. Co., 4 N. W., 179; Thorne v. R. R. Co., 26 N. J. L., 121; Easley v. Ins. Co., 32 Pac., 405; Cohn v. R. R. Co., 20 Pac., 498; R. R. Co. v. Wilson, 42 S. E., 356; Crickston v. Centen-

nial E. M. Co., 44 Pac., 714; McMaster v. Adv. Thresher
Co., 38 Pac., 710; R. R. .Co. v. Gonzales, 151 U. S., 496;
Edelstein v. Delaware Co., 6 Pa. Dist. Ter., 72; Directors
v. Toledo, 15 O. St., 409.)

At common law jurisdiction of a corporation could not
be acquired by service of process on its officer outside of
the state which gave it existence.   (McQueen v. Mfg. Co.,
6 Johns., 6; Barnett v. R. R. Co., 4 Hun, 114; Peckam
v. North Parish, 16 Pick., 286.)   And service on an officer
who happens to be in another jurisdiction is not service
upon the corporation.   (Moolen v. Ins. Co., 25 N. J. L.,
234; Newell v. R. R. Co., 19 Mich., 345; Latimer v. R. R.
Co., 43 Mo., 105;  State v. Ramsey District, 36 Minn., 234;
Middlebrook v. Ins. Co., 14 Conn., 301;  Houston v. Filer,
&c., Co., 85 Fed., 757;  Parks v. Boiler Works, 54 Atl., 344.)

BEARD, JUSTICE.

The plaintiff in error commenced this action in the Dis-
trict Court of Albany County against the defendants in
error to recover damages alleged to have been sustained by
him by reason of the negligence of defendants in conduct-
ing log drives in Rock Creek in the years 1901 and 1902.
Summons was issued directed to the sheriff of Albany
County and was there served upon the defendant Vagner
personally, and service was attempted to be made at the
same time and place upon the defendant Carbon Timber
Company, a domestic corporation, by delivering a copy of
the summons to Vagner, he being the president of said
company.   Summons was issued to Carbon County and
was there served upon the other defendants, Meyer and
Oleson.   The Timber Company appeared specially by its
attorneys and moved to quash and set aside the summons
and the return of the sheriff thereon for the following
reasons:

1.   That the return of the sheriff did not show service
of summons upon the company within the County of Albany.

2.   That the principal place of business of the company
was not within Albany County.

3. That the residence of the company was not situated within Albany County, nor was the corporation situated within said county.

4. That said corporation had no office or place of business and did not conduct its operations in Albany County.

This motion was supported by affidavits showing that the business operations of the company were conducted in Carbon County, where it had its principal office; that it had no office or other place of business outside of said county or any residence elsewhere, and. that it did not conduct its operations in Albany County and was not situated there, and had no office or place of business there. These facts are not controverted. The motion was sustained by the District Court, and the only questions in the case are whether or not that decision was right. It is contended by counsel for the company that it could not be sued rightfully in Albany County, it being a corporation organized and existing under the laws of this state and having its residence, principal office and place of business in Carbon County and having no office or place of business elsewhere; and that service could not be made upon it by service upon its president outside of the county in which it was situated, or had its principal office or place of business. The questions thus presented must be determined upon the proper construction of our statutes as found in Sections 3496 and 3505, Chapter 5, inclusive; and Sections 3510 and 3516, Chapter 6, Revised Statutes, 1899, and Chapter 53, Session Laws, 1903.

The first four of those sections relate to the place where certain local actions must be brought, and it is conceded that this case does not come within either of those provisions. Section 3500 is as follows: "An action other than those mentioned in the first four sections of this chapter, against a corporation created under the laws of this state, may be brought in the county in which such corporation is situate, or has its principal office or place of business; but if such corporation is an insurance company, the action

may be brought in the county wherein the cause of action, or some part thereof, arose." Sections 3501 and 3502 provide that certain actions against the owner or lessee of a line of mail stages, or other coaches; against a railroad company; and against a turnpike road company, may be brought in any county through or into which such road or line passes, or in which any part of the road lies. Section 3503 provides that when the charter prescribes the place where a suit must be brought, that provision shall govern. In this case it is not claimed that its charter provides where the corporation must be sued. Section 3504 relates to actions against non-residents and foreign corporations. Section 3505 is as follows: "Every other action must be brought in the county in which a defendant resides or may be summoned, except actions against an executor, administrator, guardian or trustee, which may be brought in the county wherein he was appointed or resides, in which case summons may issue to any county." Section 3510 provides: "When the action is rightly brought in any county, according to the provisions of Chapter 5 of this title, a summons may be issued to any other county, against one or more of the defendants, at the plaintiff's request; but no maker or acceptor, or if the bill is not accepted, no drawer of an instrument for the payment of money only, shall be held liable in an action thereon, except on warrant of attorney, in any other county other than the one in which he, or one of the joint makers, or acceptors or drawers resides or is summoned."

There is no question raised by the motion in this case that the action was not rightly brought in Albany County against the defendant Vagner, nor is it claimed that, had the defendant Carbon Timber Company been an individual instead of a domestic corporation with its principal office and place of business in Carbon County, it would not, under the facts alleged in the petition, have been rightly made a defendant in the action. But it is contended that, because it is a corporation created under the laws of this state, it

could not be sued elsewhere than in the county of its residence, whether it was the only defendant or was sued jointly with a resident of the county in which the action was commenced, that county being other than that of the residence of the corporation, and that Section 3500 limits, under all circumstances, the right to bring an action against such corporation to the county in which it is situate, or has its principal office or place of business. That section provides where a suit may be brought against such a corporation; and it may be conceded that if it is the sole defendant it must be brought in the county of its residence; but we fail to find anything in the statute prohibiting the joining of a corporation with other defendants where there is a joint liability. In this action the defendants are charged as joint tort-feasors and are jointly and severally liable, if the allegations of the petition are true. It is provided in Section 3480 that, "any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of a question involved therein." If, therefore, the corporation was rightly joined as a defendant with Vagner, and the suit was rightly brought against him in Albany County, it was then rightly brought in that county and the court of that county would acquire jurisdiction of the person of the defendant company by proper service of summons upon it, unless Section 3500 is exclusive. As stated above, it may be conceded that it is so in actions where the corporation is the only defendant; but if it be held to apply to actions in which the corporation is properly joined with other defendants, then the statute would prohibit the joining of two domestic corporations jointly liable, in an action, either on contract or in tort, where they are residents of different counties. The policy of the law has always been to avoid a multiplicity of suits, and Sections 3480 and 3510 were evidently enacted for that purpose.

The words "every other action," as used in Section 3505, were not intended, we think, to exclude actions such as the

one at bar, where several defendants might be rightly joined. This construction is directly supported by the decisions of the Court of Common Pleas in Ohio in the cases of Stanton v. Enquirer Co. et al., 7 O. N. P., 589, and Baldwin v. Wilson et al., id., 506; and by the Circuit Court of Ohio in B. & O. R. R. Co. v. McPeek et al., 16 O. Cir. Ct., 87. While these decisions are not by courts of last resort, they are not without weight. And in City of Fostoria v. Fox, 60 O. St., 340, where the corporation was the sole defendant, the court, in considering Section 5038 of the Ohio statute, which is identical with our Section 3510, it is said: "This section can only apply where the action has been rightly brought in the county where commenced. This action had not been rightly brought in Hancock County, where the summons was issued to the sheriff of Seneca. It had not, in law, been brought at all; and could not be regarded as brought until the city had been rightly summoned. It is the only defendant to the action." This language is not decisive, but indicative of the application of that section to actions where a corporation is a joint defendant.

The case of Western Travelers' Acc. Ass'n. v. Taylor, 87 N. W. Rep. (Neb.), 950, is cited by counsel for defendant; but in that case the insurance company was the sole defendant, and it was held that it could not be sued outside of the county of its residence under the facts alleged, but the question we are now considering was not in that case. An individual cannot be sued in a county where he does not reside, or cannot be summoned if sued alone; but when the action is rightly brought against him jointly with another in a county other than that of his residence, a summons may issue to and be served upon him in the county where he resides, and jurisdiction of his person be thus obtained; and we can see no good reason why the same rule should not apply to a corporation where it is a joint defendant. The only reason suggested in argument of counsel, other than that claimed under Section 3500, is

inconvenience; but we are unable to discover wherein a corporation would be more inconvenienced in such a case than an individual.

The construction we have placed upon Sections 3500, 3505 and 3510 gives force and effect to each and does violence to neither. We are of the opinion, therefore, that under the allegations of the petition the action was rightly brought in Albany County. We do not wish to be understood, however, as holding that by merely making a party a nominal defendant it would authorize the bringing of an action against a corporation or an individual, resident in another county.

We come then to the question, can a domestic corporation be legally summoned in an action by making service upon its president outside of the county where it is situate, or has its principal office or place of business, and in a county where it has no office or agent and where it conducts no part of its operations? The provisions of our statutes for service of summons against corporations, such as the one in this case, are contained in Section 3516, Revised Statutes, 1899, and Chapter 53, Session Laws, 1903, and so far as applicable here are as follows: "A summons against a corporation may be served upon the president, mayor, chairman or president of the board of directors or trustees, or other chief officer, or if its chief officer be not found in the county, upon its cashier, treasurer, secretary, clerk or managing agent, or if none of the aforesaid officers can be found, by a copy left at the office or usual place of business of such corporation with the person having charge thereof." The Session Laws above referred to provide for the appointment of an agent upon whom service may be made. The determination of this question depends upon the meaning of the word "county" as used in the portion of the section quoted above. If it means the county in which the action is brought, then service may be made in that county. If it means the county where the corporation is situate or has its principal office or place of business, it must be served

there, whether upon the president or other chief officer or otherwise. It is clear that the statute refers to a single summons; and a summons when issued shall be directed to the sheriff of the county commanding him to notify the defendant that he has been sued, etc. If the defendant is a corporation, the sheriff must first seek the president or other chief officer; if neither of them can be found, then he is to look for the treasurer or other officer named in the section, and if neither of them can be found, he may then leave a copy of the summons at the office or usual place of business of such corporation with the person having charge thereof. Now, it is apparent that if the summons is issued to the sheriff of the county in which the action is brought and no officer of the corporation can be found in his county, he could not go into another county and there serve it by leaving a copy at its office. Three methods of service are provided for, and if the word "county" as used in this section means the county where the action is brought, then the service could not possibly be made by the sheriff of that county by the third method; while if "county" means the county of the residence of the corporation, the service can be made in either of the three methods. In Western Travelers' Acc. Ass'n. v. Taylor, *supra*, 950-4, it is said: "It is not reasonable to suppose that the Legislature intended search to be made by the sheriff, where there was no prospect that the officers or agents of the corporation would be found. The place to look for the officers or agents of a corporation is at the place of business of such corporation, and not in some county distant from its place of business, where there would be no reasonable expectation of finding them. The presumption is that officers of a corporation will be found at its place of business." That case was a suit against an insurance company having its principal place of business in Hall County, Nebraska, and suit was commenced in Douglas County, and service attempted to be made upon the corporation by serving its secretary, who was found in Douglas County, upon the business of the corporation out of which the suit arose, and it was held by the ·

Supreme Court of that state that the service was insufficient and gave the court no jurisdiction over the person of the defendant corporation. We are of the opinion that the county referred to in the section of the statute under consideration is the county where the corporation is situated or has its principal office or place of business, and not the county in which it may be sued as a joint defendant, and that summons against it in such case should issue to and be served in the county of its residence, unless service is made as provided in Chapter 53, Session Laws, 1903. This construction of the statute finds some support in City of Fostoria v. Fox, *supra;* B. & O. R. R. Co. v. McPeek, *supra;* Holgate v. Oregon Pac. Ry. Co., 17 Pac. (Ore.), 859, and San Antonio & A. P. Ry. Co. et al. v. Graves (Tex. Civ. App.), 49 S. W., 1103, although most of these decisions were under statutes somewhat different from ours. Some objections are made to the sufficiency of the return; but as the ruling of the District Court is sustained for the reasons above stated, they need not be considered. The order of the District Court in sustaining the motion is affirmed.                                              *Affirmed.*

POTTER, C. J., and SCOTT, District Judge, concur.

VAN ORSDEL, J., having announced his disqualification to sit in this case, HON. RICHARD H. SCOTT, Judge of the District Court of the First District, was called in to sit in his stead.