CARPENTER v. TRAVER et al

Ohio Appeals, 6th Dist., Lucas Co.

Decided Jan. 18, 1926.

791. MOTIONS & ORDERS—Striking petition from files, and quashing service upon non-resident of county, in damage suit, where there are joint tort-feasors because plaintiff admitted one of the joint tort-feasors was not liable and she did blame him, is prejudicial error; and the case should have gone to trial upon its merits.

923. PLEADING—A motion to strike goes to the regularity of filing and the form of the pleading and it does not inquire into the merits of the case, either in law or fact.

WILLIAMS, J.

Anna Carpenter filed her petition in Lucas Common Pleas in which she set out that she was a passenger in the rear seat of a car driven by Fred Smith and that he collided with a machine driven by Edward Traver, thus causing the injury complained of and that the collision was caused by the negligence of both defendants.

Summons was issued and served upon Fred Smith in Lucas county, but the sheriff returned the summons on Traver, showing that he was not a resident of Lucas county. Thereupon an alias summons was issued to the sheriff of Wood county, which was served upon Traver.

Traver without entering his appearance, filed a motion to quash service as to him, alleging that the petition was a sham pleading as to Smith, and was filed for the sole purpose of gaining jurisdiction over him in Lucas county, that Carpenter did not intend to assert her claim against Smith, that she had no cause of action against him and that Smith was in collusion with her in perpetration of the fraud.

The case came up for hearing in the Lucas Common Pleas and in the bill of exceptions is an agreed statement of facts which set out the actions against Traver and Smith. Two witnesses were called, Carpenter and Smith. Neither were asked about the circumstances attending the collision. Smith testified that Carpenter had said to him at the time that he was not negligent. Carpenter in the course of the examination asserted that both Smith and Traver were negligent and the question arose as to whether Carpenter was precluded further by her expression of opinion as to who was blamed.

The Court of Appeals held:

1. The service of summons was made according to law as far as is disclosed by the face of the record, and the method and procedure used by Carpenter in obtaining service on Traver was in full accord with the procedure as set forth in 11277 GC.

2. Carpenter could not be deprived of her day in court upon her petition under such circumstances by reason of the fact that she had expressed an opinion both in and out of court as to who was to blame for the accident.

3. Traver if called by Carpenter might testify as to negligent acts of Smith; and for

the above reasons Carpenter had the right to prove the commission of the tort jointly, and had the right to have the case go to the jury on the question of joint liability.

4. "The office of a motion to strike from the files only goes to the regularity of the filing, or to the form of the pleading, and it does not inquire into the merits of the case, either in law or in fact." 16 OA. 78.

5. In striking the petition from the files and quashing service the court below committed prejudicial error because in not allowing the case to go to trial upon its merits Carpenter was denied her day in court.

Judgment reversed and cause remanded.
(Richards & Young, JJ., concur.)

Attorneys—B. F. James, Bowling Green, and L. P. Smith, Toledo, for Carpenter; T. R. Harrington, Bowling Green, and Thurston & Reihm, Toledo, for Traver et.