JOHN OWENS, PLAINTIFF, v. ARTHUR CERULLO, RICHARD NEW, MAX SOLLONEK, SR., AND MAX SOLLONEK, JR., DEFENDANTS.

Submitted February 2, 1931—Decided July 2, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the plaintiff, *David T. Wilentz.*

For the defendant Arthur Cerullo, *Kalisch & Kalisch.*

For the defendant Max Sollonek, Sr., *Louis Auerbacher, Jr.*

For the defendant Max Sollonek, Jr., *Edmond J. Dwyer* (*Louis Auerbacher, Jr.,* of counsel).

For the defendant Richard New, *Irving W. Teeple.*

PER CURIAM.

This action was instituted by the plaintiff to recover damages for injuries and loss sustained as a result of the alleged negligence of the defendants. The trial resulted in a general verdict against the defendants Richard New, Max Sollonek, Sr., and Max Sollonek, Jr., for $15,000, and a verdict of no cause of action in favor of defendant Arthur Cerullo. Each defendant against whom the verdict went obtained a rule to show cause why the verdict should not be set aside.

The testimony produced by the plaintiff at the trial tended to show the following matters of fact:

On November 7th, 1929, at seven-forty-five P. M., the plaintiff was a passenger in an Oakland roadster driven by his son, and will hereafter be referred to as the "Owens" car. The Owens car was going north on the state highway leading to Keyport, at from twenty to twenty-five miles an hour, and on its right-hand side of the road, which at the point of the accident was straightaway and was wide enough to accommodate three or four automobiles. The automobiles of the defendants Richard New and Arthur Cerullo were both going south towards Red Bank. The automobile of New attempted to pass the automobile of Cerullo and in doing so crashed into the Owens car and threw the plaintiff Owens out of the car on to the highway. The car driven by Cerullo then collided with the Owens car. Immediately thereafter an automobile owned by Max Sollonek, Sr., and driven by his son,

Max Sollonek, Jr., ran over the body of Owens while he was lying on the highway, and it, too, crashed into the Owens roadster, sending it a distance of thirty feet.

Such, we believe, after a consideration of the plaintiff's evidence, and of the somewhat conflicting testimony produced by the defendants, was the situation as the jury was amply justified in finding it to be.

The first point made by defendants Solloneks and New is in effect that the verdict does not conform to the charge of the court and the pleadings and is not in accord with the testimony adduced at the trial, and that the trial judge improperly charged the jury.

We think that the pleadings and the complaint, which is separated into counts to avoid duplicity, show clearly that the defendants are charged with each proximately contributing to the injury complained of by the plaintiff, and amply justify the admission of plaintiff's testimony at the trial, and also amply justify the charge of the court, to which no exception was taken by the defendants holding the rule.

The plaintiff predicated his right to recovery against all of the defendants on the theory that joint feasors each owing a separate duty to another, and each wrongfully neglects to perform it, though acting without concert, if such several neglects concurred in producing the injury, the tort is joint and the tort-feasors are subject to a like liability. *Matthews* v. *Delaware, Lackawanna and Western Railroad Co.,* 56 *N. J. L.* 34.

These defendants say that the verdict was contrary to the weight of the evidence. Without here reciting all of the testimony as to the happening of the accident, we deem it sufficient to state that the evidence upon the part of the plaintiff amply supported the conclusion that the defendant Max Sollonek, Sr., through his agent Max Sollonek, Jr., and Max Sollonek, Jr., and Richard New, were guilty of negligence, and the conclusion of the jury to that effect is not against the weight of the evidence.

The witnesses called by defendant Cerullo, as well as Cerullo himself, together with the testimony of the plaintiff

and his son, show we think satisfactorily the negligence of the defendants Solloneks and New, proximately contributing to the injury of the plaintiff.

Those defendants say that the verdict is excessive. It was for $15,000. We think it was not excessive. Plaintiff was hurled with great violence through the air a distance of about ten feet until he hit the hard pavement of the road with tremendous force, and as a result of this impact, and the blow received from the Sollonek car which, as the testimony revealed, was going at a "terrific rate of speed," he was quite naturally and in fact seriously and permanently injured. Indeed, the doctor at the hospital where he was taken testified that "for a while we were not sure he was going to recover." Blood was flowing from his left ear, and he was unconscious. He was bruised and scratched in many places on the body and he had an injury to his left leg which turned out to be a fracture of both bones of the leg directly below the knee, and his mental condition was very serious for a week or more.

There is no question in our minds that he was seriously injured and that these injuries justified the amount of the verdict. Apart from the injuries referred to heretofore, there was proof of a fractured right wrist and a broken collar bone. As a result of the very bad fracture of plaintiff's leg a shortening of about two inches resulted. There seems to have been a loss of fifty per cent. of the use of the leg, and loss of fifty per cent. of the grasping power of the right hand. These, together with the impairment of hearing in one ear (he was totally deaf in that ear at the time of the trial) the doctors testified are permanent conditions. The evidence tended to show that Owens was sixty-five years of age and had good health, and was employed steadily prior to the injury doing general mechanical repair work on houses and had earned $35 a week on an average.

The defendant Max Sollonek, Sr., says that there was no sufficient proof as to his liability, and that as to him plaintiff should have been nonsuited or a verdict directed in his favor, and that the court improperly charged the jury with reference to his connection with the accident.

We think there is no substance in this argument. The evidence showed his ownership of the automobile driven by his son. This raised the presumption that the automobile was in the possession of the owner through his servant, the driver, and that the driver was acting within the scope of his employment. *Mahan* v. *Walker,* 97 *N. J. L.* 304. These presumptions were in nowise rebutted at the trial. The trial judge properly charged the jury in accordance with the rule of the Mahan case, and of course a nonsuit could not have been granted in favor of the owner nor could there have been a direction of the verdict.

The defendant New complains that a verdict was not directed in his favor upon the ground that no connection was shown between the injury suffered by the plaintiff and the collision involving the defendant New. This point is likewise plainly without merit for the reasons heretofore indicated. Under this head defendant New seems to argue that the plaintiff was guilty of contributory negligence. With respect to that it is sufficient to say that as we view the case the contention has not the slightest evidence to support it.

The rule will be discharged, with costs.