CHARLES MIDDLETON, AN INFANT, BY HIS NEXT FRIENDS, CHARLES J. MIDDLETON AND ETHEL MIDDLETON, AND CHARLES J. MIDDLETON AND ETHEL MIDDLETON, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT, AND FREDERICK GABEL, DEFENDANT.

Argued February 2, 1944—Decided March 23, 1944.

For the defendant-appellant, *Henry H. Fryling, William H. Speer* and *Richard Fryling*.

For the plaintiffs-respondents, *John W. McGeehan, Jr.*

The opinion of the court was delivered by

BODINE, J. The present action was brought by the parents and their child to recover damages for injuries suffered on September 13th, 1942, when he was struck by one of the defendant's automobile buses at a street intersection in the City of Newark. The infant plaintiff had a verdict for $10,000, which was not reduced on rule, but that in favor of his parents was reduced to $1,000.

The issues in the case were negligence and contributory negligence. The learned trial judge presented these issues to the jury in such a manner that they were not challenged except in one particular.

The appellant charges the sole error to have been the charging of plaintiffs' counsel's sixth request to charge. To properly understand this request the prefatory remarks of the trial judge must be examined. The meaning of a charge is not to be determined by a separation of a part from the whole. It is not to be viewed in any sense other than it would have been understood by the jurors. *Lyon* v. *Fabricant,* 113 *N. J. L.* 62; *Simons* v. *Lee,* 117 *Id.* 370.

The acid test is, would the jury be misled? *Lenz* v. *Public Service Railway Co.,* 98 *N. J. L.* 849. See, also, *Evans* v. *New Jersey Central Power and Light Co.,* 119 *Id.* 88.

The learned trial judge having faultlessly charged the law as it related to the issues presented for the determination of the jury said: "There has been considerable discussion here, and there are some regulations with reference to the Traffic Act and alleged violations of it. I will quote you the Traffic Act as I find it, *verbatim,* so that there cannot be any misunderstanding on your part, or mine, as to what the phraseology * * * may be. Let me say to you in passing that violations of this Traffic Act are not of themselves necessarily negligence *per se,* but they are circumstances, taken into consideration with all the other evidence in the case that

will and must be taken into consideration by you, if they exist, in determining whether or not the vital question that must eventually be determined, namely, whether there is any responsibility or not, * * *. I have been requested by the plaintiff first to charge a number of requests, and as I say, they seem, as I glance over them, to be quotations from the Traffic Act, which I will read * * *." He then read the pertinent portions of *R. S.* 39:4–32 and *R. S.* 39:4–126 and charged the challenged request, which was predicated upon a possible jury finding of a disregard of some of the provisions mentioned, concluding: "If you find that the driver of the bus *failed to exercise such reasonable care* in any of the aforegoing particulars or in all of them, and that the infant plaintiff was not guilty of contributory negligence, then you are entitled to return a verdict in favor of the infant plaintiff and against the defendant." Italics supplied.

The jury cannot be supposed to have disregarded the instructions that their first duty was to determine whether the case for the plaintiff, based upon a negligent disregard of the infant's rights, had been proved by the weight of the evidence and also that he was not shown to have contributed to his injury. Part of the words of a charge cannot be separated from the whole context. The charge considered, as a whole, did not require the performance of an absolute duty at the intersection where the accident occurred. It was comprehensive, fair, logical and accurate, except as the ingenuity of counsel takes a single request from the preliminary and subsequent remarks and suggests that it must have been misunderstood by the jury.

The violation of the provisions of the Traffic Act the jury were clearly told was a mere circumstance, like all the other circumstances in the case, to be considered in determining the issues of negligence and contributory negligence. The jury had been well instructed as to their duty in finding or not finding a verdict for the plaintiffs. It is not to be supposed that they disregarded the instructions.

All the arguments of counsel have been considered as well as the cases cited. It is enough to say that the charge in its entirety was correct. It may not be examined paragraph by

paragraph except where it was contradictory and this we do not find. It is not enough to reverse a judgment because perhaps the phraseology of parts of the charge were not artistically drawn, where the whole fairly considered is clear and not contradictory as words are usually understood.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, BODINE, PERSKIE, PORTER, RAFFERTY, HAGUE, THOMPSON, DILL, JJ.   9.

*For reversal*—PARKER, CASE, DONGES, HEHER, COLIE, DEAR, WELLS, JJ.   7.