LEO RISTAN AND CORA DARLING, PLAINTIFFS-RESPOND-ENTS, v. CHARLES FRANTZEN, DEFENDANT-APPEL-LANT, AND OMAR LOLAND, DEFENDANT.

LEO RISTAN, PLAINTIFF-RESPONDENT, v. OMAR LOLAND, DEFENDANT, AND CHARLES FRANTZEN, DEFEND-ANT-APPELLANT.

Argued January 11, 1954—Decided February 8, 1954.

Mr. *Robert V. Carton* argued the cause for appellant (*Messrs. Durand, Ivins & Carton,* attorneys).

Mr. *Theodore J. Labrecque* argued the cause for respondents (*Messrs. Parsons, Labrecque, Canzona & Combs,* attorneys).

The opinion of the court was delivered by

WACHENFELD, J.   In December 1951 the plaintiff Ristan was driving his truck in a northerly direction on Main Street in Bay Head.   It was snowing and his speed was estimated at about 22 miles an hour.   Mrs. Darling, the other plaintiff, was his passenger.

The defendant Frantzen was driving his automobile in the same direction behind Ristan's truck, while the defendant Loland was driving a car on the same street but in the opposite direction.   It swerved to its left and collided with the front of Ristan's truck.   Both vehicles came to a halt.

After this collision and while the Ristan truck stood in a crosswise position in the street, it was struck in the rear by the automobile operated by Frantzen.

Injuries and property damage resulted from both impacts. Actions and cross-actions were instituted based on negligence.

Ristan and Darling brought suit in the Superior Court for personal injuries against Frantzen and Loland, alleging the defendants were both jointly and severally negligent. Frantzen filed an answer and Loland answered and counterclaimed.

A second action was subsequently instituted against the same defendants for property damage to the Ristan automobile. The two actions were consolidated for purposes of trial in the Superior Court by an order under *Rule* 3:42–1, now *R. R.* 4:43–1. Thereafter, a third suit was instituted in the Monmouth County District Court by the defendant Frantzen against both Ristan and his co-defendant Loland for property damage to Frantzen's car. This case was likewise consolidated for trial.

At the trial of the consolidated cases, the third suit of Frantzen against Ristan and Loland was dismissed with prejudice, there having been no evidence to support it.

All the other issues were submitted to a jury, which returned a verdict of joint liability against Frantzen and Loland and in favor of Mrs. Darling in the amount of $1,010.90, and a verdict of joint liability against Frantzen and Loland in favor of Ristan for his property damage and his personal injuries in the lump sum of $3,591.76.

Judgment was thereupon entered in the district court suit for property damage in favor of Ristan against both defendants in the sum of $718.76 and a judgment was entered in the Superior Court in the sum of $2,873 in favor of Ristan against both defendants for personal injuries.

On a motion, the trial court granted a new trial as to the property damages, apparently for apportionment between the defendants of the amount awarded, there being no allegation of joint liability in that suit.

Other motions for new trial were denied, and the result was sustained by the Appellate Division. *Ristan v. Frantzen*, 26 *N. J. Super.* 225 (*App. Div.* 1953). We granted Frantzen's petition for certification to review the result below, and the appeal is confined to the judgments for personal injuries.

The jury's finding that both defendants were guilty of negligence is not here challenged, but the appellant insists the only sustainable result contrary to the defendants is separate and individual verdicts, each for the respective damages calculated by the jury to have been caused by each

defendant, and that a single lump sum verdict based upon the concept of joint liability cannot stand.

The verdict, says the appellant, was the result of an improper and inconsistent charge by the trial court because it contained the following:

"If you find that both defendants were negligent, as alleged in the plaintiffs' complaint, and that their negligence proximately contributed to any injury sustained by the plaintiffs, then you are not to compare their negligence or determine which was more negligent or which contributed most to the injury, since both would be then jointly and severally liable, and the plaintiffs may recover against either or both of them, provided of course the plaintiffs are free from contributory negligence. * * *"

The Appellate Division affirmed the judgments, despite its inability to discover concurrent negligence bringing the defendants within the joint tortfeasors' rule, but concluded any error in charging the law as to joint tortfeasors was harmless, inasmuch as either Loland or Frantzen could properly be held liable for all damages—Loland on the theory that his primary negligence caused all the injuries, and Frantzen on the principle that all the injuries were suffered in the crash with his vehicle. The Appellate Division said:

"From the facts of this case it clearly appears that there were two separate and independent collisions and that there was not a single indivisible injury suffered respectively by Ristan and Darling caused by the concurrent negligence of the defendants, so as to bring them within the joint tortfeasors' rule."

This conclusion is attacked as being irreconcilable with the balance of the reasoning relied upon, and we are compelled to admit some merit appears in the criticism made. We are not in accord with all the interwoven logic submitted, but we nevertheless agree with the result arrived at as it is compatible with the law on joint liability grounded in negligence as presently defined and as initially charged by the trial court.

460

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮ In the oft-quoted case of *Matthews v. Delaware, L. & W. R. R. Co.*, 56 *N. J. L.* 34 (*Sup. Ct.* 1893), on joint liability of tortfeasors, the court said:

"If two or more persons owe to another the same duty, and by their common neglect of that duty he is injured, doubtless the tort is joint, and upon well-settled principles each, any, or all of the tortfeasors may be held. But when each of two or more persons owes to another a separate duty, which each wrongfully neglects to perform, then, although the duties were diverse and disconnected, and the negligence of each was without concert, if such several neglects concurred and united together in causing injury, the tort is equally joint, and the tortfeasors are subject to a like liability."

This rule was followed in *Daly v. Singac Auto Supply Co.*, 103 *N. J. L.* 416 (*E. & A.* 1927), and affirmed in *Owens v. Cerullo*, 9 *N. J. Misc.* 776 (*Sup. Ct.* 1931), where the facts are strikingly similar to the case *sub judice*. The doctrine was consistently followed more recently in *Gelsmine v. Vignale*, 11 *N. J. Super.* 481 (*App. Div.* 1951).

But the appellant asserts *LaBella v. Brown*, 103 *N. J. L.* 491 (*E. & A.* 1927), and a companion case, *LaBella v. Derr*, 103 *N. J. L.* 492 (*E. & A.* 1927), are contrary. These were two separate suits instituted against two separate defendants for death resulting from an accident where the decedent was knocked down by one and thereafter run over by the other defendant. The cases were consolidated for trial only, and the jury rendered a single verdict in the plaintiff's favor against both defendants, which result was reversed on appeal.

The conflict, if there be one, between the *LaBella* cases, *supra*, and the doctrine as announced in *Matthews v. Delaware, L. & W.*, *supra*, was apparently occasioned by the fact that there was no allegation of joint negligence in the pleadings and therefore the verdict was not justified by the rules of the court as they then existed. We do not think it alters the rule as established and confirmed by the cases cited above.

▮ Nor can we agree that the trial court's charge as to joint negligence was prejudicially inconsistent with what

preceded it. It is urged that the portion of the court's charge hereinbefore set forth, relating to joint liability, was to the effect that if the jury found both defendants negligent and their negligence contributed to any of the injuries sustained by the plaintiff, then the jury was not to determine which defendant brought about the greatest injury but they would be jointly and severally liable for all damages.

This, it is asserted, is "a complete negation and abrogation of all that it charged before in regard to the apportionment of damages in accordance with the damages caused by each defendant," where the trial court admonished the jury at some length not to assess against one defendant any damages which were brought about solely by the negligence of the other: "You cannot assess against Frantzen any damage for personal injuries sustained by Ristan as a result of the collision between the Ristan and Loland cars," and "You cannot assess against Loland any damages for personal injuries sustained by Ristan as a result of the collision between the Ristan and Frantzen cars." A similar warning was given with respect to the plaintiff Cora Darling. It is said two distinct propositions were charged, one correct and the other erroneous, serving only to confuse the jury, which seized upon that portion permitting them to conclude the defendants were jointly negligent.

A reading of the charge as a whole is required, and there is no error if the law is correctly and intelligently stated therein. The test is whether ordinary men and jurors would fail to understand the instructions given or be confused or misled. *Kargman v. Carlo,* 85 *N. J. L.* 632 (*E. & A.* 1914); *Middleton v. Public Service Co-ordinated Transport,* 131 *N. J. L.* 322 (*E. & A.* 1944); *Vadurro v. Yellow Cab Co. of Camden,* 6 *N. J.* 102 (1950).

Here a full reading of the charge makes it clear the portions thereof are consistent with one another and are correct expositions of the law required by the issues as framed. In the final analysis the trial court apprised the jury of the applicable law as follows: (1) they could find either Frantzen or Loland or both of them guilty of negli-

gence; (2) if the defendants' negligence were totally uncon-
nected, then it was the jury's duty to apportion the damages;
(3) if the jury found the defendants jointly negligent, then
it should return a verdict against both.

The instructions were required by the pleadings and the
evidence, which raised the issues of joint and several negli-
gence of both defendants.

The judgments are affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices
OLIPHANT, WACHENFELD, BURLING and BRENNAN—5.

*For reversal*—Justice HEHER—1.