E. E. CAMERON,

*Appellant*

(Defendant below)

and

GEORGE POULOS,

(Defendant below)

vs.

DON LOCKHART,

*Appellee*

(Plaintiff below)

(No. 2836; November 25th, 1958; 332 Pac. (2d) 65)

For the appellant, the cause was submitted upon the brief of Pence and Millett of Laramie, Wyoming, and oral argument by George J. Millett.

No appearance for appellee.

Heard before Blume, C. J., and Harnsberger and Parker, JJ.

190

## OPINION

Mr. Justice Parker delivered the opinion of the court.

Don Lockhart brought suit in the District Court of Albany County, Wyoming, against E. E. Cameron and George Poulos, claiming damages growing out of an automobile collision. According to the amended petition, Lockhart, Cameron, and Poulos were all driving in the same direction on the highway when Cameron negligently drove into the rear of Lockhart's car and Poulos then drove into the rear of Cameron's car, causing it to again collide with plaintiff's automobile with the resultant damage. Poulos was served with summons in Albany County; and when Cameron was served in Laramie County, he appeared specially, moving to quash the service because the petition did not state facts sufficient to warrant service *in Laramie County.* The motion was denied and on trial the court found for plaintiff and against both defendants. From the resulting judgment Cameron has appealed, urging that the petition could have been served on him in

Laramie County only if it sufficiently showed defenants to be jointly liable for the damages; he insists that there was no allegation of joint liability or joint or concurring negligence but rather of two separate collisions, one allegedly caused by the negligence of Cameron and the other by the negligence of Poulos.

The judgment against Cameron depends upon the propriety of service of summons in a county other than that in which the action was brought. Service is governed largely by statute, and defendant Cameron says that the applicable statutes are as follows: §§ 3-613, 3-614, 3-808, 3-1005, W.C.S.1945.

The case of Harrison v. Carbon Timber Co., 14 Wyo. 246, 83 P. 215, has been quoted to us as discussing the statute which was the predecessor of and identical with § 3-1005.[1] It would seem to be clear that the statute under consideration permits without question the issuance of summons to another county if "the action is rightly brought in any county," and defendant Cameron admits that the action would have been properly brought if the two defendants had been charged as jointly and severally liable or as joint tortfeasors, but not otherwise.

---

[1] "When the action is rightly brought in any county, according to the provisions of chapter five of this Division, a summons may be issued to any other county, against one or more of the defendants, at the plaintiff's request; but no maker or acceptor, or if the bill is not accepted, no drawer of an instrument for the payment of money only, shall be held liable in an action thereon, except on warrant of attorney, in any county other than the one in which he, or one of the joint makers, or acceptors or drawers resides or is summoned."

Our problem is therefore to determine, all things considered, whether or not (a) defendants in this case were charged as joint tort-feasors; and if not, (b) whether the action was nevertheless rightly brought in Albany County so as to permit service of summons to issue to another county in the State.

On the first phase of the question, it is not a simple matter to say categorically when there has been an allegation that the defendants are "joint tort-feasors" since these words have been used with different connotations. 35 Ky.L.J. 159; Prosser on Torts, 2d ed., p. 233. However, in this case it is unnecessary to delve into the meanings of these words or their proper application since we have previously held in a case not dissimilar in facts to the one at bar that:

" 'Where a chain of events has been started, due to the negligence of the driver of an automobile, he may be held liable for all mishaps which are properly the proximate result of his improper conduct.' * * *" Tyler v. Jensen, 75 Wyo. 249, 295 P.2d 742, 745.

See to the same general effect Prosser on Torts, 2d ed., p. 237. See also Owens v. Cerullo, 9 N.J.Misc. 776, 155 A. 759; Ristan v. Frantzen, 14 N.J. 455, 102 A.2d 614; Osinski v. Benson, 323 Ill. App. 562, 56 N.E. 2d 665. And see 5A Blashfield, Cyclopedia of Automobile Law and Practice, perm.ed. 1954, § 3151; 7-8 Huddy, Cyclopedia of Automobile Law, 9th ed., § 150.

Although plaintiff has not filed a brief herein he has submitted certain citations by letter which along with other research material have been given consideration. It is interesting to analyze the cases on which each of the parties rely. For instance, plaintiff says that the case of Harrison v. Carbon Timber Co., supra, determines the matter by the statement at 83 P. 217 that:

"* * * An individual cannot be sued in a county where he does not reside or cannot be summoned if sued alone; but when the action is rightly brought against him jointly with another in a county other than that of his residence, a summons may issue to and be served upon him in the county where he resides, and jurisdiction of his person be thus obtained; and we can see no good reason why the same rule should not apply to a corporation where it is a joint defendant. The only reason suggested in argument of counsel, other than that claimed under section 3500, is inconvenience; but we are unable to discover wherein a corporation would be more inconvenienced in such a case than an individual.

"The construction we have placed upon sections 3500, 3505, and 3510 gives force and effect to each, and does violence to neither. We are of the opinion, therefore, that under the allegations of the petition the action was rightly brought in Albany county. We do not wish to be understood, however, as holding that by merely making a party a nominal defendant it would authorize the bringing of an action against a corporation or an individual resident in another county."

This we doubt because the effect of the quoted portion is that summons may issue to another county than that in which the action is brought if the defendants are "joint tort-feasors." Reliance upon the Harrison case or upon Cassity v. Brady, 182 Kan. 381, 321 P.2d 171, cited by plaintiff, would be to assume that Lockhart charges Cameron and Poulos as joint tort-feasors. Since this is a point in issue, we cannot make any such supposition.

Defendant Cameron admits that if the amended petition charges joint liability against the two defendants that on the authority of Harrison v. Carbon Timber Co., supra, and Maloney v. Callahan, 127 Ohio St. 387, 188 N.E. 656, the action was properly brought in Albany County and summons might have properly

issued to Cameron in Laramie County.[2] However, it is urged that the amended petition does not state facts showing a joint liability on the part of both defendants because the amended petition deals with two separate collisions, one allegedly caused by the negligence of Cameron and one by the negligence of Poulos, and that there is no charge that the alleged acts of negligence of the two defendants were joint or concurring, that their separate acts combined to produce a single result, or that it is impossible to determine the damage caused by each of the separate collisions.

Accordingly, we scrutinize the petition to determine what the allegations really were and find that after reciting plaintiff's ownership and driving on the highway it states:

"* * * Cameron * * * was following immediately behind the plaintiff; * * * Poulos * * * was following immediately behind defendant Cameron.

"* * * Cameron negligently drove * * * into the rear of plaintiff's car; * * * at said time and place * * * Poulos negligently drove * * * into the rear of defendant Cameron's car and that as a result defendant Cameron's car again collided with plaintiff's automobile causing further damage in the total sum of $421.-99.

\* \* \* \*

"* * * Plaintiff was deprived the use of said automobile for 10 days the reasonable value of which is $50.00.* * *"

---

[2] In Carpenter v. Traver, 22 Ohio App. 249, 153 N.E. 520, the Ohio court discussing the prototypes of §§ 3-808 and 3-1005, W.C.S.1945, said that where a party properly pleaded a joint tort against two defendants, the first a resident of the county where suit was brought and the second a resident of another county, the service of summons was regularly made in the second county.

There is no specific allegation of damages by reason of the *first* collision between Cameron's car and that of plaintiff's, but there is an allegation that the *last* collision caused "further damage" in the "total sum" of $471.99, the amount of the judgment.

It must be conceded that the petition is not artfully drawn, that the drafter must have considered that some damage accrued from the first impact between Cameron's car and that of plaintiff's else he would not have used the terms "further damage" and "total sum"; and there is no employment of the terms of joint liability, joint tort-feasors, or the like. But a fair analysis of the charge (not considering the first striking of Lockhart by Cameron on which no reliance is placed as to damage) seems to us to be that Cameron was driving his automobile negligently, was followed by Poulos who, driving negligently, struck Cameron, who in turn struck plaintiff, causing the single amount of damage claimed and for which judgment was given.

Defendant Cameron seeks to avoid the force of the holding in Tyler v. Jensen, supra, by arguing that the facts relating to the collision in that case were dissimilar to those in the matter before us. However, we think the decision in the Tyler case was broader than counsel now concedes, for we said in effect that a driver of a motor vehicle may be held liable for all mishaps which are the proximate result of his wrongful conduct, even though there are separate and distinct collisions. In the present case according to the allegation of plaintiff the negligent acts of Poulos and Cameron were simultaneous and produced one result. The instant situation falls within the Tyler rule.

Although this case might thus be determined on the question of the potential joint liability of the two de-

fendants under the allegations of plaintiff's petition, we do not so confine this opinion. Defendant Cameron's position that the trial court was without jurisdiction unless plaintiff alleged joint liability of defendants is unjustified in the light of the statutes relating to civil procedure in effect at the time the action was brought. He argues that the action is not rightly brought under § 3-1005 because under Harrison v. Carbon Timber Co., supra, and Maloney v. Callahan, supra, the action would have been rightly brought only if the defendants were jointly liable. His view is not in accord with the holding of Ohio in Glass v. McCullough Transfer Co., 159 Ohio St. 505, 115 N.E.2d 78. In that case plaintiff brought suit against Tolley and certain other defendants for personal injuries claimed to have been received in an automobile accident. Defendant Tolley was served in a county other than that in which the suit was brought. The question of lack of jurisdiction was not raised until after there was a verdict against the defendant Tolley. It was contended and apparently conceded that no joint tort had been alleged. The court after considering Ohio statutes, §§ 11272, 11277, and 11282, Gen. Code, respective counterparts of §§ 3-805, 3-808, and 3-1005, W.C.S.1945, there said at 115 N.E.2d 81:

"* * * the question is not whether defendant Tolley and the other defendants were charged by the petition with commission of a joint tort but whether the allegations of the petition were such as to withstand a demurrer on the ground of misjoinder of defendants. If those allegations were such as to indicate that each of the defendants was a proper party and that some could be summoned in Mahoning county, the allegations of the petition would indicate, within the meaning of Section 11282, General Code, an 'action * * * rightly brought in' Mahoning county against those who could be and were summoned therein; and would further indicate authority under that statute for issu-

ance of summons, to Licking county against defendant Tolley."

Moreover, defendant Cameron overlooks the amending of § 3480, R.S. 1899,[3] discussed in the Harrison case, and of the companion section, 3479,[4] by ch. 51, S.L. of Wyoming, 1939, by which these sections were combined forming § 3-613, W.C.S. 1945, and providing additionally for the joining of persons as defendants "if any substantial question of law or fact common to all of them will arise in the action." Our statute thus amended is much clearer than its Ohio parent. It provides that persons may be joined in one action as defendants "if there is asserted against them jointly, severally, or in the alternative any right to relief and if any substantial question of law or fact common to all of them will arise in the action." This is comprehensive indeed; and though we do not take it to mean that joinder should be permitted indiscriminately, in the instant case it seems indisputable that questions of fact and law common to both defendants were presented in the amended petition. Thus, the judgment of the trial court was in line with those of modern decisions authorizing such service in order to prevent a multiplicity of suits, thereby promoting trial convenience and expeditious determination of litigation. Although the lack of uniformity in both service and party-joinder statutes makes generalization difficult, numerous courts have held that where one de-

---

[3] Identical with § 5006, R.S.O. (§ 11255, O. Gen. Code, effective at the time of the Maloney opinion).

[4] Identical with § 5005, R.S.O. (§ 11254, O. Gen. Code, effective at the time of the Maloney opinion).

fendant is properly served in the county of suit and there are questions of law and fact common to all defendants service may under proper statutory provisions be made on all other defendants outside the county.[5] To say it another way, there is a growing tendency for courts—so far as is consistent with procedural requirements, equity, and justice—to allow the joinder of defendants and service of summons essential thereto so as to permit a complete determination of all matters which reasonably grow out of the same transaction. This we approve.

Affirmed.

Opinion of Mr. Justice HARNSBERGER, concurring.

I concur in the affirmance. I do not agree that in a case of this kind valid service of summons can be made outside the county wherein the action is brought. This action is not one of those mentioned in Chapter V of Division II of the Code of Civil Procedure, Session Laws of Wyoming, 1886, which is the chapter referred to in § 3-1005, W.C.S. 1945, and by which its provisions are limited. Consequently, service of the summons in this case was not within the authority of that statute. However, appellant confines his objection to the court's jurisdiction to the question of whether he was or was not a joint tort-feasor. This is a tacit acceptance of the court's jurisdiction if his views on

---

[5] See generally 2 Bancroft's Code Practice and Remedies, 1927, p. 1212, and cases cited at notes 9 and 10 and at note 8 of the ten-year supplement (2 Bancroft's Code Pleading, Practice and Remedies, 1937, p. 1747). Cf. 2 Barron and Holtzoff, Federal Practice and Procedure, rules ed. 1950, pp. 101-118.

that point are not accepted. They are not. It follows that independent of any attempted service of summons, the court acquired the necessary jurisdiction to render the judgment. For this reason alone, I concur in the result.