DANIEL ROSS, ADMINISTRATOR AD PROSEQUENDUM, v. PENNSYLVANIA RAILROAD COMPANY AND CALVIN W. STEELMAN.

Decided August 4, 1927.

Negligence—Joint Negligence of Two Wrong-doers—Jury Rendered a General Verdict and Assessed the Damages in the Sum of 16.000 Against Each of the Co-defendants—A Single Verdict Against Both was Not Rendered—Held, That There is Nothing to Show the Purpose of the Jury—Rule Made Absolute.

On defendants' rule to show cause.

· Before Gummere, Chief Justice, and Justice Minturn.

For the rule, *Wall, Haight, Carey & Hartpence.*

*Contra, Richard J. Muckey.*

Per Curiam.

The plaintiff brought suit as administrator *ad prosequendum* of Christina Ross, deceased, to recover the pecuniary loss sustained by her son and sole next of kin, who was four years old. Mrs. Ross was killed in the collision of an automobile in which she was riding with a train of the Pennsylvania Railroad Company at a railroad crossing in Milmay, New Jersey, in November, 1923. The averment of the complaint is that the accident was the result of the joint negligence of the railroad company and its co-defendant, Steelman, who was the engineer operating the train. As appears from the *postea* in the case, "The jury rendered a general verdict in favor of the plaintiff and against the defendants, Pennsylvania Railroad Company and Calvin W. Steelman, and assessed the damages at the Circuit to Daniel Ross, administrator, the sum of $16,000 against the Pennsylvania Railroad Company; and to Daniel Ross, administrator, the sum of $16,000 against Calvin W. Steelman." The defendants contend that this verdict cannot be supported because by it the jury apportioned the damages to which the plaintiff was entitled between the joint wrong-doers, assessing against each of them the sum of $16,000, instead of finding a single verdict against both, as the law required. Counsel for the plaintiff concedes that an attempt by a jury to apportion between joint wrong-doers the damages sustained by the plaintiff, or the person whom he represents, cannot be legally justified; but he argues that the verdict intended to be rendered and actually rendered by the jury was an award of $16,000 to the plaintiff, and the imposition upon both defendants of the liability to pay this amount. The difficulty with this contention is that the verdict itself does not show any such purpose on the part of the jury. The wording of the verdict indicates an intention to apportion the damages

as between the two defendants, making each one of them liable for the amount specified in its findings, and awarding the plaintiff the sum total of these two amounts. Whether its purpose was other than that expressed by it in the verdict acually rendered cannot be guessed at by the court. In the absence of anything even suggestive of a different purpose on the part of the jury, we must accept its statement as indicating it; namely, to apportion the damages between the two joint wrong-doers.

This, as has already been said, being without legal justification, the rule to show cause must be made absolute.