S. KOSSON & SONS, APPELLANT, v. UNION BUILDING AND CONSTRUCTION COMPANY, PASSAIC CONSOLIDATED WATER COMPANY AND PUBLIC SERVICE ELECTRIC AND GAS COMPANY, RESPONDENTS.

Submitted May 29, 1930—Decided October 20, 1930.

For the appellant, *Heller & Boss* (*Aaron Heller*, of counsel).

For the respondent Union Building and Construction Company, *Corbin & Harty* (*Addison P. Rosenkrans,* of counsel).

For the respondent Passaic Consolidated Water Company, *Aaron L. Simon.*

For the respondent Public Service Electric and Gas Company, *Henry H. Fryling* (*Harold F. Dorgeval,* of counsel).

The opinion of the court was delivered by

CASE, J. This is an appeal from the Passaic Circuit of the Supreme Court where a judgment of nonsuit was granted at the close of plaintiff's case. Plaintiff suffered damage by water and dirt washing through the interstices of the foundation wall into the cellar, the result, as is alleged, of negligence on the part of the several defendants. The trial judge found that there was no negligence by any of the defendants which was the proximate cause of the damage and fully nonsuited the plaintiff.

The Union Building and Construction Company was, under a contract with the city of Passaic, widening the street by setting back the curb line. The Public Service Electric and Gas Company was contemporaneously relaying its connections. Some months earlier the Passaic Consolidated Water Company had reset its water box to the line of the proposed curb.

There is evidence of the following import: The surface water from the building leaders regularly flowed across the sidewalk to the curb and thence by gutter to the city sewers; the Union Building and Construction Company dug a trench two feet wide and two feet deep inside of, two feet distant from, and parallel with the existing curb for the purpose of ultimately setting a new curb; in so doing it should have formed a gutter (so the testimony is) to carry the sidewalk flow over that trench and into the old gutter; this it did not do, although a rain storm began while the workmen were actively on the job, and as a consequence the trench, during the ensuing storm, formed a reservoir from which water

worked back into the cellar; it was practicable to construct such a temporary runway for the water because that actually was done after the damage occurred; furthermore, the company dumped broken concrete, sand and stone into the old gutter near and covering the curb and thus blocked the passage of water through the gutter; the Public Service Electric and Gas Company dug transverse trenches from its main through the old and new curb lines into the sidewalk for a distance of four feet beyond the new curb line; one such trench, about twelve or fifteen feet long, extended to the building and was open at the time the damage was done; the dirt from these excavations had been thrown into the gutter along the curb with the result that the street surface water, unable to pass by, flowed into the open trenches; Public Service Electric and Gas Company made one such pile in front of the plaintiff's premises; the rain, while severe, was not unprecedented; the water filled the trenches and also backed up for a distance on the surface of the sidewalk, but not on the surface so far as the building; six or eight inches of dirt and sand from between the old curb and the foundation of the building washed through and into the cellar; plaintiff had never before had a flood in the cellar.

We are unable to agree with the trial court that from such a set of facts negligence could not be found or that negligence, so found, could not be considered the proximate cause of the damage. There appears to have been no reasonable necessity for either of these defendants to dam the gutter so that this outlet could not function. The gutter was there for the purpose of carrying water. The reason for free flow and the probable result of stoppage were obvious. Given a sufficient rainfall. an overflow was inevitable, nor would it require a deluge to produce that result. Whether these defendants, or one of them, did negligently block the gutter and whether the flow from the storm was. in fact, diverted by this cause into the defendants' trenches and thus to the plaintiff's premises were jury questions. If an act of negligence be established, the proximate relationship between the negligence and

the injury is ordinarily for the jury. *Smith* v. *Public Service Corporation,* 78 *N. J. L.* 478, 481.

The well established rule is that a motion for a nonsuit admits the truth of the plaintiff's evidence and of every inference of fact that can be legitimately drawn therefrom, but denies its sufficiency in law, and that where the evidence, and the inferences reasonably arising therefrom, will support a verdict for the plaintiff, a motion for a nonsuit must be denied. *Weston Co.* v. *Benecke,* 82 *N. J. L.* 445. There were in the evidence facts, particularly with respect to the stoppage of the gutter, from which negligence might reasonably be inferred. It was for the jury to say whether, from those facts, negligence ought to be inferred. *Kerner* v. *Zerr,* 103 *Id.* 424. We consider that the case should have gone to the jury as against the Union Building and Construction Company and Public Service Electric and Gas Company.

Concerning the Passaic Consolidated Water Company, it may be gathered from the evidence that, from six months to a year before the damage to plaintiff's property, a water box —an apparatus for turning on and off the consumer's water supply—belonging to that company had been installed near the curb. The refilling of the trench and the work generally had long been completed. During the rain storm the force of the water inside the curb washed out some of the soil at or near the water box, and it was suggested by one of the witnesses that the tamping had not been properly done. However, that witness had no knowledge of the time when, or the person by whom, or of the manner in which the work had been done. It is clear that plaintiff's damage was not the natural and proximate result of any act or omission by or attributable to this defendant. The question as to this defendant therefore became one for the court (*Smith* v. *Public Service Corporation, supra*), and was correctly decided.

The judgment of nonsuit will be affirmed as to Passaic Consolidated Water Company. It will be reversed as to the Union Building and Construction Company and Public Service Electric and Gas Company, and a *venire de novo* will be directed to issue as against these defendants.

As to Appeal v. Passaic Consolidated Water Company—

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 15.

*For reversal*—None.

As to Appeal v. Union Building and Construction Company and Public Service Electric and Gas Company—

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, KAYS, HETFIELD, WELLS, JJ. 5.

*For reversal*—THE CHANCELLOR, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, McGLENNON, DEAR, JJ. 10.