ALBION O. LARSEN AND KARNA LARSEN, PLAINTIFFS-RESPONDENTS, v. RARITAN VALLEY FARMS, INCORPORATED, A CORPORATION, DEFENDANT-APPELLANT.

GEORGE G. CONGER AND LILLIAN I. CONGER, PLAINTIFFS-RESPONDENTS, v. RARITAN VALLEY FARMS, INCORPORATED, A CORPORATION, DEFENDANT-APPELLANT.

Submitted May 27, 1932—Decided October 17, 1932.

For the appellant, *Collins & Corbin.*

For the respondents, *Edwards, Smith & Dawson.*

The opinion of the court was delivered by

HETFIELD, J.   This is an appeal by the defendant below, from two judgments entered against it in the Supreme Court, after a trial in the Middlesex Circuit.   It appears that on October 6th, 1929, the plaintiff Albion O. Larsen, accompanied by his wife, Karna Larsen, his daughter, Lillian I. Conger, and a friend, Minnie Warsnip, was driving his automobile in a northerly direction on Central avenue, in the town of Westfield.   The defendant's truck was being driven in an easterly direction, on Grove street, which crosses Central avenue, and when the vehicles arrived at the intersection of the two streets, there was a collision between them, which resulted in the occupants of the Larsen car sustaining severe injuries.   Two separate suits were instituted, but were tried in the Circuit and argued in this court, together.

The first ground for reversal is predicated on a certain portion of the trial court's charge, wherein the jury was told that, "now, Mr. Larsen, as he was going north on the right had the right-of-way under the law. The law says that every driver of a vehicle when entering or crossing any intersection shall grant the right-of-way at all times to any vehicle approaching from his right." We find no error in this instruction. The fact that the plaintiff's automobile approached the intersection from the right of the defendant's truck, is not disputed. The Motor Vehicle act, at the time the accident in question occurred, provided: "2. Excepting as herein otherwise provided, every driver of a vehicle when entering or crossing an intersection shall grant the right of way at all times to any vehicle approaching from his right." *Pamph. L.* 1928, *ch.* 281, *art.* 7, § 2, *p.* 733. It is true that there was conflicting testimony as to which vehicle arrived at the intersectioin first, but the fact still remains, that both the auto and truck were likely to, and did reach the intersection at approximately the same time, and this court in the case of *Mazzei* v. *Nucar Forwarding Corp.,* 105 *N. J. L.* 218, construed the section of the Motor Vehicle act above quoted, to mean "that when two vehicles under existing conditions are likely to reach the intersection at approximately the same moment, the right of way shall be yielded at such intersection to the one approaching from the right." It is argued that this part of the court's charge was erroneous, in that it gave the jury a binding instruction that there was a violation of the statute, which was a jury question. We think this contention is without merit, as the court, immediately after giving the instruction complained of, used the following language: "It was the duty under ordinary circumstances, under equal circumstances of the driver of the truck to grant the right-of-way to Mr. Larsen, but of course that rule of law, as you have heard stated before, is subject to the peculiar circumstances and conditions of each case." It must be presumed that the jury was able to, and did consider and fairly interpret all parts of the charge relative to the right-of-way; and this being so, it must have understood the court to mean

that if the position of the two vehicles was approximately the same as they approached the intersection, Larsen was entitled to cross first.

It is next contended that the court erred in instructing the jury that the defendant was under a duty to exercise a high degree of care. The language used was this: "It is important for you to keep in mind the construction of this intersection. It was what might be called a bad intersection so far as the relation of these two cars to each other was concerned, because the view was obstructed by the building on the southwest corner of the intersection.

All the witnesses testify, who testified as to the condition of the intersection, that building was there; and the map shows that it is quite close to both streets, so that when a person, as Mr. Larsen, was approaching that crossing, his view in the direction in which the truck was coming was obstructed until he got almost on the crossing before he could see the truck. It is likewise true that the truck coming from the west in an easterly direction along the right-hand side of the road had its view obstructed of cars coming from the south.

Now, that places upon the drivers of both of these cars a duty to exercise a high degree of care, because the law requires that when a person is approaching an intersection where his view is obstructed, he must use such care as a reasonable person would before he goes out onto the intersection, to see whether or not a car is coming which might collide with him.

The court was speaking to the jury in reference to a condition which existed, whereby the view of both drivers was obstructed by reason of a building on the southwest corner of the intersection, and neither could obtain a clear view until they arrived almost on the crossing. It is apparent that the duty charged, was a degree of care which an ordinarily prudent person would have exercised in similar circumstances, and that, we think, is what the jury must have concluded, when the judge said, in effect, that it was the duty of both drivers to use such a high degree of care as a reason-

ably prudent person would, when approaching an intersection of this character.

It is further argued, that the court erred in instructing the jury on the question of proximate cause. It appears that the defendant requested the court to charge as follows: "Unless the negligence, if any, of the defendants was the proximate cause of the accident, there can be no recovery." The judge so charged, and then used this language: "Proximate cause is the closeness of the cause to the occurrence of an accident. I don't think there is any question in this case which would disturb you upon the question of proximate cause, however," to which an exception was taken. It is true that the court's definition of proximate cause did not conform to the one generally accepted by our courts, namely, that it is the efficient cause—the one that necessarily sets the other causes in operation. *Batton* v. *Public Service*, 75 *N. J. L.* 857. We do not, however, regard this instruction as prejudicial error. If we view the charge as a whole, it clearly appears that the court instructed the jury that there could be no recovery until the plaintiff could show by a greater weight of the evidence, that the defendant was negligent, and that such negligence was the proximate cause of the accident. The court also charged, that if the plaintiff's negligence contributed to the accident, he could not recover. We think that when the court stated that "proximate cause is the closeness of the cause to the occurrence of the accident," the jury must have understood that proximate cause is the closeness of the efficient cause, and the one nearest in order of responsible causation. When the court's charge, considered as a whole, presents the law fairly and clearly to the jury, there is no ground for reversing the judgment, though some of the expressions, when standing alone, might be regarded as erroneous.

Our conclusion is that the judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 14.

*For reversal*—None.