NEHEMIAH JOHNSON ET AL., PLAINTIFFS-RESPONDENTS, v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, A CORPORATION, DEFENDANT-APPELLANT.

———

CLIFFORD RULON, PLAINTIFF-RESPONDENT, v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, A CORPORATION, DEFENDANT-APPELLANT.

———

SUSIE FALKINBURG ET AL., PLAINTIFFS-RESPONDENTS, v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted February 17, 1933—Decided April 27, 1933.

———

For the plaintiffs-respondents, *David A. Veeder* and *Howard Ewart.*

For the defendant-appellant, *William A. Barkalow* and *De Voe Tomlinson.*

The opinion of the court was delivered by

WELLS, J. These three suits were brought to recover the loss sustained by the plaintiffs as a result of two forest fires alleged to have been communicated from sparks thrown from one or more of the locomotives of the defendant.

The cases were tried together at the Ocean Circuit and resulted in verdicts for the plaintiffs. From the judgments entered thereon the present appeals are taken.

There was no motion for nonsuits, and no motion for directions of verdicts at the close of the plaintiffs' case, so that there are no questions of fact involved.

There are fifteen grounds of appeal, but only eight are relied on.

These are grouped as follows:

1. There was error in the charge of the court (grounds of appeal 13, 14 and 15).

2. The trial court committed error in the admission of certain evidence (grounds of appeal 3, 4, 5, 6 and 9).

In the grounds of appeal (13, 14 and 15), dealing with the charge of the court, certain excerpts are taken from the court's charge, from which it is argued by appellant that the trial court erroneously told the jury that it was the duty of the defendant to employ the most approved safeguards, to prevent the communication of fire from the engines to adjacent property and to install in its locomotives a spark arrester of the most approved type. Appellant says that the duty of the defendant in this regard was simply to install and maintain its engines in good condition, and equip them with a spark arrester of an approved type or design and which is in common use, and that the effect of the erroneous instructions to the jury was to cast upon the defendant a greater burden than the law permits, and that this was prejudicial error.

In a lengthy charge covering fifteen printed pages in the state of the case the court said much about safeguards, spark arresters and the duty of the defendant railroad in regard thereto, and yet at the conclusion of the court's charge the only exception taken by the defendant on this point was, "we also respectfully take exception to your honor's charge

relative to most approved safeguard, what your honor said on that subject."

From a technical standpoint, we need not consider the merits of the grounds of appeal relative to the charge of the court at all.

The exception is futile, as not pointing out the alleged error intended to be reviewed.

This court has repeatedly held that such an exception is without efficacy. *Griffin* v. *James Butler Grocery Co.*, 108 *N. J. L.* 92; *Doran* v. *Asbury Park*, 91 *Id.* 651; *Thibodeau* v. *Hamley*, 95 *Id.* 180; *Goldfarb* v. *Phillipsburg Transit Co.*, 103 *Id.* 690; *McKenna* v. *Reade*, 105 *Id.* 408.

But apart from this, a reading of the whole charge will disclose that the defendant in its exceptions to the charge of the court has broken up the continuity of thought of the trial court by separating the parts excepted to from the surrounding qualifying matter; and that taken as a whole the court properly instructed the jury, as to the defendant's duty with regard to the installation and maintenance of safeguards and screens or covers in its engines as required by section 56 of the General Railroad law of 1903, as amended by *Pamph. L.* 1921, *p.* 786, as construed by this court in *Goodman* v. *Lehigh Valley Railroad Co.*, 78 *N. J. L.* 317; 74 *Atl. Rep.* 519, and the decisions of the Supreme Court. *Hoff* v. *West Jersey Railroad Co.*, 45 *N. J. L.* 201; *Vallaster* v. *Atlantic City Railroad Co.*, 72 *Id.* 334.

The trial court expressly stated that the defendant would be justified in using an approved spark arrester under evidence showing it to have been in general use and that it was approved, pointing out that opinions would differ as to whether one type of spark arrester was better than another.

This court, in *Larsen* v. *Raritan Valley Farms, Inc.*, 109 *N. J. L.* 363; 162 *Atl. Rep.* 737, held that when the court's charge, considered as a whole, presents the law fairly and clearly to the jury (as was done in the instant case) there is no ground for reversing the judgment, though some of the expressions, when standing alone, might be regarded as erroneous.

The fourth, fifth and sixth grounds of appeal were argued together and bring up questions asked of the witness Thomburg, the fire warden.

The first question (ground of appeal 4) is: "But you had prior communication with the officials of the Central Railroad Company in regard to fires and so forth?" This question was not objected to and was answered in the affirmative.

The next question (ground of appeal 5), is: "What did you communicate to Mr. Davis on this occasion?"

This was objected to as irrelevant, incompetent and immaterial. The answer was: "I asked him to have Mr. Phillips place a fire patrol along the Central railroad."

The witness was then asked: "What did you tell him as to conditions then existing, if anything?" (ground of appeal 6).

This was objected to on the same ground, namely that it was irrelevant, incompetent and immaterial.

The answer was: "I told him it was very dry, with high winds, and very dangerous for fires, and we would like to have protection along the railroad from fires being caused by the Central railroad, if any."

Counsel for appellant says that plaintiffs' counsel sought to sustain the legal propriety of these questions upon the ground that the foregoing facts cast an additional burden upon the defendant to patrol along its railroad, and that the court's action in permitting these questions was error and contrary to the decision of this court in *West Jersey Railroad Co.,* v. *Abbott,* 60 *N. J. L.* 150, which held:

"When the legislature enacts regulations in respect to any precaution to be taken in the use of a dangerous instrumentality by those whom it has authorized to use it, those regulations define and limit the measure of duty in respect to that particular sort of precaution, * . * *. In the case before us the legislature has prescribed what duty a railroad company must perform in respect to the escape of sparks from the smokestack of its engines. The prescribed duty does not require the company at any time to absolutely prevent the escape of such sparks, but only to take and use all practicable means to that end. Proof that they have taken and used such means furnishes a defense in that respect."

We have no quarrel with this decision. In the instant case there was an allegation in each complaint that defendant negligently operated the fire boxes (as well as spark arresters) of its engines, and threw from its passing train burning waste on the right of way so that it might be communicated to the very dry matter adjacent to the right of way.

Section 56 of the statute reads in part as follows:

"Every company or person operating or using any railroad shall take and use all practicable means to prevent the communication of fire from any engine used by them in passing along or being upon such railroad to the property, of whatever description, of any owner or occupant of any land adjacent or near to said railroad, and shall provide such engine with a screen or cover so as to arrest and prevent, as much as practicable, the escape of fire."

This court held in the case of *Woodford Land Co.* v. *Delaware, Lackawanna and Western Railroad Co.*, 97 *N. J. L.* 510, that the use of screens is not enough; the defendant must use all practicable means to prevent the communication of fire to plaintiff's property, and one of these is keeping its right of way free from combustible materials.

The questions propounded to the witness Thomburg were permitted not for the purpose of imposing upon the defendant a duty to patrol but, as stated by the court, to show the prevalence of the conditions claimed to exist.

We are not prepared to say that the evidence was irrelevant to show express notice of dangerous conditions requiring defendant to look to its spark screens, equipment and operation of its trains.

It is not necessary, however, to decide this for we think that in view of the requirements of the statute and the allegations of the complaint, the questions were not objectionable as incompetent, irrelevant or immaterial.

The next point (ground of appeal 9) is that a question asked Rink, an expert witness produced by defendant, was improper.

The question was: "Weren't you having complaints about the use of this netting during 1926, by the fire authorities of the State of Pennsylvania?"

The objection was as follows:

"I object, we are concerned only with the laws of the State of New Jersey, and it does not follow at all that because the authorities of Pennsylvania made a complaint that there was anything wrong with the manner of construction of the netting."

The witness had testified that another netting, the draftac was longer and narrower, and plaintiffs' attorney was endeavoring to show by his cross-examination that the netting used by the defendant was not in common use but was in fact condemned by Pennsylvania authorities.

The answer was: "They did not approach us in terms of *criticism,* only along the lines of a suggestion that we use in the State of Pennsylvania what it called draftac netting."

To a question by the court as to whether there was any such requirement in New Jersey, the witness answered, "no, sir."

The only effect of this was to show that the Pennsylvania authorities seemed to prefer draftac netting but the New Jersey authorities did not require it.

We think the answer to the question objected to, as modified by the answer to the court's question, was not harmful to defendant.

The last ground of appeal urged by defendant (ground of appeal 3) is that the court permitted the witness, Clements, a fire warden, to answer the following question: "*Q.* Assuming that between eleven and eleven-fifteen on April 22d, the wind was blowing at the rate of twenty-two miles an hour, have you observed and can you tell us how far a spark would carry from a locomotive engine and ignite a fire? Give the approximate distance from your observation."

The only objections to the admission of this question were as follows:

"We object on the ground that the question is not part of their direct case, and could only be introduced in rebuttal, and that they are not limiting it to sparks from this particular engine."

Upon the question being repeated the attorney of defendant said: "I ask the witness to answer each particular question

without reframing, in order that I may get the objection as it is asked. I think I ought to invite your honor's attention to the fact that nowhere in this case have Senator Jayne and I said that we could introduce any general practice with respect to the inspection of engines, the use of mechanical devices, such as spark arresters and so on, as mentioned by Judge Veeder. Under those conditions we object, and ask for an exception."

The witness answered: "I have seen sparks at night—in the day-time you cannot see them that high—travel beyond the fire line and lie there a long time, alive, but due to the weather conditions they did not ignite."

It is manifest upon reading this second objection that it is unintelligible.

The first objection was directed to the admissibility of the question as a part of plaintiffs' direct case, and that the question was not limited to sparks from this particular engine.

Assuming, without deciding, that the testimony was not properly admissible as a part of the main case, it seems to be conceded that it was admissible in rebuttal. That being so, we do not think that under the facts and circumstances of this case this is reversible error.

The control of examination resides in the trial judge, who is vested with wide discretion and this court will not interfere with the exercise of such discretion, unless there has been an abuse or most unwise use thereof. *Donovan* v. *Limouze,* 108 *N. J. L.* 494.

The other objection to the question was that it was not limited to sparks from the particular engine which was supposed to have done the damage.

It may well be that the question was objectionable as applicable to any engine under any conditions, but that objection was not made and is not available to appellant here. *Stein* v. *Goodenough,* 73 *N. J. L.* 812.

The answer of the witness was only to the last sentence in the question wherein he was asked to give the approximate distance he had observed a spark carry, with a wind of twenty-two miles an hour, from a locomotive engine and ignite a fire.

The question was not a hypothetical one, although it started out as such, but one in its concluding sentence calling for an answer based upon the observation of the witness. There was testimony in the case tending to show that the so-called fire line was one hundred and ten feet from the railroad and that the fire started outside this fire line.

The defense was a complete denial of any responsibility on the part of the defendant for the fire. Surmising that defendant would contend that this distance was proof of the fact that the fire could not have been communicated from its engines, counsel of the plaintiffs asked the witness this question in anticipation of this defense.

Under these circumstances we do not think the question was improper. At any rate, if it were improper, its impropriety was not due to the reasons stated by appellant's counsel in his objections thereto.

We find no reversible error in the record and the judgments should, therefore, be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.