LAWRENCE SIMONS, PLAINTIFF-RESPONDENT, v. EL-
WOOD B. LEE, DEFENDANT-APPELLANT.

KENNETH CORBIN, PLAINTIFF-RESPONDENT, v. ELWOOD
B. LEE, DEFENDANT-APPELLANT.

READ THOMPSON, AS ADMINISTRATOR AD PROSEQUEN-
DUM OF THE ESTATE OF MARY E. THOMPSON, DE-
CEASED, PLAINTIFF-RESPONDENT, v. KENNETH COR-
BIN AND ELWOOD B. LEE, DEFENDANTS-APPELLANTS.

Submitted October 30, 1936—Decided January 22, 1937.

For the appellant Elwood B. Lee, *Walter S. Keown.*

For the respondent Lawrence Simons, *Harry E. Newman.*

For the respondent Kenneth Corbin, *W. Durward Mc-
Closkey.*

For the respondent Read Thompson, as administrator *ad
prosequendum, Camp, Lederer & Citta.*

The opinion of the court was delivered by

HETFIELD, J. This appeal brings up for review three judgments entered in the Supreme Court, Ocean Circuit. The suits were instituted to recover for personal injuries sustained by the plaintiffs, Simons and Corbin, and for the death of Mary E. Thompson, resulting from an automobile accident which occurred on June 2d, 1935, when a car owned and operated by the plaintiff Corbin in which Simons and the decedent, Mary E. Thompson, were passengers, collided with an auto owned and driven by the defendant Lee at the intersection of two roads in Manchester township, Ocean county. The plaintiff Corbin was originally made a co-defendant with Lee in the Thompson suit, but a discontinuance was entered as to him at the commencement of the joint trial of the three cases, which resulted in a verdict in favor of each plaintiff, amounting to $3,000 for Simons, $8,000 for Corbin, subsequently reduced on a rule to show cause to $7,500, and $5,000 for the estate of Mary E. Thompson.

It is first argued that the trial court erroneously refused to nonsuit the plaintiffs and direct a verdict for the defendant, as the plaintiff failed to present sufficient evidence to support a finding of negligence on the part of the defendant. These grounds of appeal are not available to the appellant because of the fact that a rule to show cause was allowed and discharged in each of the three cases, and one of the reasons assigned for making the rules absolute, was that the verdict was against the weight of evidence. It is well settled that where a verdict has been attacked on a rule to show cause as being against the weight of evidence, the consideration and disposition of the rule covers the ground of a motion to nonsuit and a motion to direct, and operates as a bar to any argument or consideration of such grounds on an appeal. *Robins* v. *Mack International, &c., Corp.,* 113 *N. J. L.* 377; *Freschi* v. *Mason,* 108 *Id.* 272; *Catterall* v. *Otis Elevator Co.,* 103 *Id.* 381; *Boniewsky* v. *Polish Home,* 103 *Id.* 323; *Noonan* v. *Great Atlantic and Pacific Tea Co.,* 104 *Id.* 136; *Cleaves* v. *Yeskel,* 104 *Id.* 497; and *Overand* v. *Kiernan,* 105 *Id.* 112.

The second point argued is based on the fifth, sixth and

seventh grounds of appeal consisting of exceptions taken by the appellant to the instructions by the court to the jury, which exceptions read:

Mr. Keown: "I did want to take exception to that part of your honor's charge wherein your honor did not read the traffic regulation concerning the duty of a motorist in approaching a stop sign."

Mr. Keown: "I also respectfully pray an exception to that part of your honor's charge when, after calling that to your attention, your honor called to the jury's attention the fact that that act had been repealed."

Mr. Keown: "I respectfully pray an exception to failure of your honor to charge concerning the stop sign in the language which your honor used."

We are unable to see how these exceptions apprised the trial court in what respect he had erred, which is essential in order to have the exceptions considered by this court. The record does not indicate that any request was made by the appellant that the jury be instructed as to any particular provision of the Traffic act. It has been repeatedly held by our courts that in order to have exceptions considered on an appeal, it must appear that the attention of the trial court was specifically called to the matter challenged as erroneous. *Thibodeau* v. *Hamley,* 95 *N. J. L.* 180; *Goldfarb* v. *Phillipsburg Transit Co.,* 103 *Id.* 690; *McKenna* v. *Reade,* 105 *Id.* 408, and *Griffin* v. *James Butler Grocery Co.,* 108 *Id.* 92.

However, irrespective of what error the appellant intended to call to the attention of the trial court, we are unable to find any in the instructions relating to the duty of a motorist in approaching a stop sign, which was injurious to the appellant. The court charged in part: "That any cautional sign gives notice to a motorist that he must exercise ordinary and reasonable care in entering such an intersection where such signs exist. In other words, it is adding nothing to what the rule always was, that you are bound to be careful. * * * If on the other hand, you find it was the sole negligence of Corbin, in that he did not exercise the care of an ordinary and reasonably prudent person in not observing the signs

* * *. If you find that to be the sole negligence in the case, Mr. Lee would be let out of the case and none of the plaintiffs would recover."

It is further argued that the charge of the trial court was prejudicial to the defendant on the issue of negligence and *quantum* of damages. This ground is based upon that part of the court's charge which reads as follows:

"For example, if you say $3,000 or $4,000, or whatever figure you feel is justified under the evidence, state that figure in your verdict and leave it to the lawyers and the court to deal with the settlement that is said to have been agreed upon between Mr. Corbin and Mr. Thompson, as administrator. When the $1,500 is paid it will have to be credited upon any recovery that Mr. Thompson, as administrator, may make or receive in this case. I say that out of an abundance of caution for the reason that obviously if there was a mere agreement to pay and there was no payment, ultimately, Thompson, as administrator, would have a right to recover against either one of the defendants if you found the accident due to the joint negligence of both Corbin and Lee. I say that because it appears that Mr. Simons and Mrs. Thompson were passengers in the Corbin car. They had no authority or control over it. It is true they were going on a pleasure trip. Mrs. Thompson had a motive, undoubtedly, in going to see her daughter, but there is no evidence that she had any interest in the car, that she had any authority or control over the driver, Corbin, and while it was suggested in the answer of Mr. Lee that she was engaged in a joint enterprise, I say to you that as a matter of law the evidence in this case does not justify the jury in finding that Mrs. Thompson was engaged in a joint enterprise with Corbin to the extent of controlling him in driving the car in question, and therefore, his negligence be chargeable to her and prevent a recovery here by the administrator in the event you find the accident due to the joint negligence of both drivers."

It is contended that this portion of the charge operates as a mandatory instruction to the jury to find for the plaintiff Thompson and that the impression given to the jury by said

charge was that Thompson must recover from Lee. It apparently was the purpose of the court, in mentioning the sums of $3,000 or $4,000, to illustrate in what manner the verdict should be presented if the jury found in favor of Thompson. We think that an examination of the court's entire charge clearly indicates that the questions of negligence and damages were properly submitted to the jury. The court also charged:

"It is quite unnecessary to say if there was no negligence on the part of Lee, but the sole cause of the collision was that of Corbin, naturally, that would be the end of this case and no verdict could go against Mr. Lee. * * * It is quite needless to say if the sole cause of the collision was the negligence of Corbin none of these plaintiffs can recover. * * * The injury to be recovered for has been defined to be 'the deprivation of a reasonable expectation of a pecuniary advantage which would have resulted by a continuance of the life of the deceased.' Compensation for such deprivation is, therefore, the sole measure of damage in such case."

When the court's charge, taken in its entirety, presents the law fairly and clearly, so that the jury cannot reasonably be thought to have been misled by the instructions, there is no ground for reversing the judgment, though some of the expressions, when standing alone, might be regarded as erroneous. *Redhing* v. *C. R. R. Co.*, 68 *N. J. L.* 641; *Larsen* v. *Raritan Valley Farms, Inc.*, 109 *Id.* 363; *Johnston* v. *C. R. R. Co.*, 111 *Id.* 93.

We have examined and considered the other grounds urged for reversal, which are without merit, and will not be discussed.

Judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 14.

*For reversal*—None.