JACK B. VADURRO AND JOHN P. MELONI, AND DOMINIC D'ALESANDRO, PLAINTIFFS-RESPONDENTS, v. YELLOW CAB COMPANY OF CAMDEN, DEFENDANT-APPELLANT.

Argued November 27, 1950—Decided December 18, 1950.

104

*Mr. Meyer L. Sakin* argued the cause for appellant.

*Mr. Joseph Tomaselli* argued the cause for respondents (*Messrs. Malandra & Tomaselli,* attorneys).

The opinion of the court was delivered by

WACHENFELD, J. The judgment entered pursuant to a jury verdict in an automobile negligence case is the subject of attack in this appeal brought here by the granting of the defendant's petition for certification.

The three plaintiffs were passengers in a cab owned by the defendant and driven by its employee. At about 3:15 on the morning of May 4, 1947, the cab was crossing the Delaware River Bridge from Camden going west toward Philadelphia. It was struck on the left-hand side by an eastbound station wagon which thereafter struck another car. The station wagon had been stolen and after the second crash its driver disappeared and has not been apprehended.

As a result of the collision, the defendant's cab ended up astride the middle of the bridge partly in the westbound lane and partly in the eastbound, with its headlights still lighted.

Two of the plaintiffs, Meloni and D'Alesandro, got out of the cab and stood with the driver on the eastward or Camden side of it. The third plaintiff, Vadurro, had been knocked unconscious by the impact and remained in the cab. A police officer came along in a jeep and, seeing the wrecked car, parked his jeep in the eastbound lane about fifty or sixty feet on the Philadelphia side of the cab and lighted the flashing blinker signal on top of it to warn eastbound traffic.

The driver and the two plaintiffs had been standing outside the cab for three to five minutes when an eastbound Chevrolet came along, ignored the warning of the police jeep and crashed into the cab, impelling it against the two plaintiffs, who were thrown to the ground.

Several actions were originally instituted by these plaintiffs. In their suit against the owner and driver of the Chevrolet, they took a voluntary dismissal, and an action against two others, whose participation in the events complained of is not shown in the record, was dismissed on motion. The two remaining suits, brought against the present defendant, were consolidated for trial.

The cause was tried before a jury and resulted in a verdict of $3,500 in favor of the plaintiff Vadurro, $200 in favor of Meloni and $100 in favor of D'Alesandro. The case was appealed to the Appellate Division, which affirmed the judgment, and then certified here.

The defendant urges error in the denial of its motion for judgment made at the close of the plaintiffs' case and again at the close of the defendant's case. It also urges error in the court's charge to the jury and the refusal to permit the introduction of certain evidence, and claims the verdict was contrary to the weight of the evidence.

The first ground advanced for reversal relates to the occurrence of the second accident in which the eastbound Chevrolet struck the cab as it stood astride the traffic lanes. The defendant asserts there was no causal connection between the first and second accidents and no proof of any negligence on its part which led to the happening of the later collision.

The motion made at the trial was, however, not so limited in scope as the argument made on appeal. It was not confined to so much of the complaints as related to the injuries sustained in the second accident but was directed to the complaints *in toto*, asking that they be dismissed.

 On a motion for a direction of verdict, evidence will not be weighed but all the proofs which support the claim of the party against whom the motions are made must be accepted as true and he is entitled to the benefit of all legitimate inferences which may be drawn therefrom. Where fair-minded men might honestly differ as to the conclusions to be drawn from the proofs, the questions at issue should be submitted to the jury. *Schwartz v. Rothman*, 1 N. J. 206 (1948) ; *Fischetto Paper Mill Supply, Inc., v. Quigley Co., Inc.,* 3 N. J. 149 (1949); *Visaggi v. Frank's Bar & Grill, Inc.,* 4 N. J. 93 (1950) ; *McKinney v. Public Service Interstate Transp. Co.,* 4 N. J. 229 (1950).

██ Putting aside, for the moment, consideration of the second collision, there was evidence in this case from which a jury might find negligence on the part of the defendant which contributed to the happening of the first accident. The motion for a judgment in the defendant's favor was therefore properly denied.

The defendant next alleges error in the court's charge to the jury, basing its argument on this point on the part of the charge italicized in the following excerpt:

"Now, the cab, admittedly, after the collision was stopped in the eastbound lane, in its wrong lane, and then another collision occurred and the plaintiffs, or two of them, were further hurt. Now, there is where the question of proximate cause comes in again. *If the defendant was negligent in the first accident then he had no right to be where he was in the second accident, because a person coming across the bridge on his right side of the road, where he belongs, has a right to assume it is clear of obstructions, and that a vehicle is not parked or stopped in his lane of traffic, either facing in the opposite direction or partially in the opposite direction.* So if you should find that the cab company was guilty of negligence and that some or all of these three plaintiffs were hurt at that time, and then if they were hurt again by reason of the second accident, it is for you to determine

whether or not the proximate cause of the injuries sustained by them in the second accident was the result of the negligence of the cab company in the first place."

It is urged the italicized portion of the charge conveyed to the jury "the inescapable conclusion that if the defendant was negligent in the first collision, it was negligent in the second collision" and the jury might properly assume the driver of the Chevrolet was within his "legal rights in crashing into the cab."

We are not so persuaded. Even though the driver of the Chevrolet may, by his negligence, have contributed to the occurrence of the second accident, the defendant would still be liable to the plaintiffs for injuries there sustained if the evidence showed negligence on its part as well in causing the collision. In that event, the cab company would not be absolved of liability by an intervening, concurring cause put in operation by its primary wrongful act so long as the causal connection between its negligence and the plaintiffs' injuries was unbroken. *Balts v. Joseph Newman, Inc.,* 3 *N. J.* 503 (1950).

So far as the charge instructed the jury as to the conditions under which they might hold this defendant liable, the following words used by the Court of Errors and Appeals in *State v. Giberson,* 99 *N. J. L.* 85 (*E. & A.* 1923), are particularly applicable to the argument assigned:

"What is here objected to is a portion of the charge severed from its context and from the whole charge; but it must be read in the light of the context and the whole charge."

When the court's charge, considered as a whole, presents the law fairly and clearly to the jury, there is no ground for reversing the judgment, though some of the expressions, when standing alone, might be regarded as erroneous. *Larsen v. Raritan Valley Farms, Inc.,* 109 *N. J. L.* 363 (*E. & A.* 1932); *Simons v. Lee,* 117 *N. J. L.* 370 (*E. & A.* 1937).

"So long as the law is stated correctly and intelligently, the ultimate test of the soundness of instructions is, not what the ingenuity of counsel can, at leisure, work out the instructions to mean, but how

and in what sense, under the evidence before them and the circumstances of the trial, would ordinary men and jurors understand the instructions as a whole." *Kargman v. Carlo*, 85 *N. J. L.* 632 (*E. & A.* 1914).

"The acid test is, would the jury be misled?" *Middleton v. Public Service Co-ordinated Transport*, 131 *N. J. L.* 322 (*E. & A.* 1944).

■ Considering the part of the charge objected to in the light of its context and of the entire charge, we think it could not have been misleading to the jury. After discussing and explaining the doctrine of proximate cause, the court charged: "* * * it is for you to determine whether or not the proximate cause of the injuries sustained by them in the second accident was the result of the negligence of the cab company in the first place."

■ Where, as here, there is a factual dispute as to the events and circumstances which caused the injuries, proximate cause is a jury question. *S. Kosson & Sons v. Union Bldg., &c., Co.*, 108 *N. J. L.* 111 (*E. & A.* 1930); *Silverstein v. Schneider*, 110 *N. J. L.* 239 (*E. & A.* 1933). We find no error in the submission of the issue to the jury nor in the court's charge in so far as it related to the question of the liability of the defendant for injuries sustained in the second accident.

■ It is next said it was improper for the trial court to refuse to permit evidence of the plea entered by the Chevrolet driver to a complaint against him in the Camden Police Court, resulting from his collision with the cab. In support of its argument, it cites *Kellam v. Akers Motor Lines, Inc.*, 133 *N. J. L.* 1 (*E. & A.* 1945), where a member of the State Police was asked and was allowed to testify as to whether a defendant in the action had entered a plea of guilty to a reckless driving charge apparently growing out of the accident in question. That case is hardly applicable since here the driver of the Chevrolet was not a party to the suit and the proffered evidence was therefore totally irrelevant to any issue within the pleadings.

■ Lastly it is urged the verdict was contrary to the weight of the evidence. The record does not justify this con-

clusion. The three plaintiffs all testified the cab entered the eastbound lane just prior to the first collision. Two of them said their attention was called to this when they felt it strike the markers dividing the opposing traffic lanes and they thereupon called a warning to the driver. The police officer and others who arrived on the scene immediately afterward said the cab came to rest partly in the eastbound lane. This testimony indicated negligence on the part of the cab driver and, weighed together with the other evidence in the case, was ample to warrant the verdict returned. On consideration of the entire record, we find no cogent reason to invoke the substitution of our judgment for that of the jury.

The judgment is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, WACHENFELD and ACKERSON—5.

*For reversal*—Justices OLIPHANT and BURLING—2.