26 N.J. Super. 225 (1953)
97 A.2d 726
LEO RISTAN AND CORA DARLING, PLAINTIFFS,
v.
CHARLES FRANTZEN AND OMAR LOLAND, DEFENDANTS. LEO RISTAN, PLAINTIFF,
v.
OMAR LOLAND AND CHARLES FRANTZEN, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 11, 1953.
Decided June 10, 1953.
*227 Before Judges EASTWOOD, BIGELOW and JAYNE.
Mr. Theodore J. Labrecque argued the cause for the plaintiffs, Leo Ristan and Cora Darling (Messrs. Parsons, Labrecque, Canzona & Combs, attorneys).
*228 Mr. Robert V. Carton argued the cause for the defendant-appellant (Messrs. Durand, Ivins & Carton, attorneys).
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
The issue presented by this appeal is whether the defendants, Charles Frantzen and Omar Loland, may be held as joint tort-feasors, or whether the collision between the vehicles of Ristan and Loland and that between Ristan and Frantzen were so independent of each other, that having found liability as to both defendants, the jury should have assessed damages separately against each defendant.
A recital of the facts may be helpful in untangling the rather involved factual and legal issues presented by this appeal.
On December 14, 1951, during a snow storm, Leo Ristan, with Cora Darling as a passenger, was driving his truck in a northerly direction along Main Street in Bay Head, New Jersey. Defendant Omar Loland, while driving his automobile in a southerly direction on the same street, swerved to his left and collided with Ristan's truck, causing Ristan to be thrown sideways against the left-hand door of his truck. Mrs. Darling was thrown sideways against Ristan. The Ristan truck came to a stop at a 45° angle across the highway. Immediately thereafter, defendant Frantzen, who was following Ristan, ran into the rear of Ristan's truck, causing Ristan to be thrown forward over the steering wheel, bending it out of shape with his chest. Mrs. Darling was also thrown forward under the dashboard. This collision changed the position of the Ristan truck from a 45° angle to a 90° angle.
Ristan and Darling, in their complaint, charged that their personal injury damages were caused by the separate and independent negligence of Loland and Frantzen and, in a separate count, charged the defendants as joint tort-feasors. This contention appears also in the pretrial order. A second action was instituted by Ristan in the Monmouth County District Court against Loland and Frantzen for recovery of his property damages. Thereafter, Frantzen instituted *229 suit in the Monmouth County District Court against Loland and Ristan for property damage to his automobile. All of the actions were consolidated for trial in the Law Division.
At the trial the action of Frantzen against Loland and Ristan was dismissed with prejudice, for failure to prove culpable negligence. The other issues were submitted to the jury, which returned a verdict of no cause of action against Loland on his counterclaim. Verdicts were entered in favor of Ristan and Darling against Loland and Frantzen, for their respective personal injuries and property damages, in the amount of $1,010.90 for Cora Darling, and in the amount of $3,591.76 (of which $718.76 represented property damage) for Ristan.
Thereafter the court denied Frantzen's motion for a new trial as to the verdict in favor of Ristan and Darling against Frantzen and Loland, but directed a new trial as to damages only of the action of Ristan against Loland and Frantzen, to determine the proportionate share of the damages due from each defendant. The defendant Frantzen then appealed to this court from the whole of the adverse judgments.
Frantzen contends that the jury verdict was contrary to the court's charge in that the jury's award was made jointly as to both defendants, whereas the court charged that should liability be found, it should apportion the damages between the defendants according to the damages caused by each; that the clerk of the trial court improperly molded the verdict; that the trial court erred in its charge on the matter of joint liability; that the court erred in refusing to charge the defendant's request concerning Frantzen's obligation as a motorist in a line of traffic.
The appellant Frantzen strenuously argues that the evidence clearly establishes that, assuming negligent acts of the defendants, such acts did not unite and concur to produce the injuries and damages complained of as to render them liable as joint tort-feasors, but, rather, if negligent at all, they were independent tort-feasors, each of whom may have caused injuries and damages, for which a separate and independent verdict should have been returned against each of *230 them for the respective amounts calculated by the jury to have been caused by each of them; that a single verdict against both defendants was inconsistent; that because the Loland car and his car did not strike the plaintiff's truck at exactly the same time, their negligence was not joint, and hence they could not be held jointly liable for such injuries as proximately resulted from the two acts of negligence complained of.
The general rule is that where one joins in committing a tort he cannot escape liability by showing that another person cooperated and concurred in the perpetration of the wrong, but both are joint tort-feasors, and as such are jointly and severally liable. 52 Am. Jur., Torts, sec. 110, p. 448. Joint and several liability may exist, however, notwithstanding the absence of concerted action on the part of the wrongdoers.
"Thus, where the independent tortious acts of two or more persons supplement one another and concur in contributing to and producing a single indivisible injury, such persons have in legal contemplation been regarded as joint tort-feasors, notwithstanding the absence of concerted action."
52 Am. Jur., supra, sec. 112, p. 451. Matthews v. D., L. & W.R.R. Co., 56 N.J.L. 34 (Sup. Ct. 1893); Owens v. Cerullo, 9 N.J. Misc. 776 (Sup. Ct. 1931); Gelsmine v. Vignale, 11 N.J. Super. 481 (App. Div. 1951). Cf. Daly v. Singac Auto Supply Co., 103 N.J.L. 416 (E. & A. 1927); Walder v. Manahan, 21 N.J. Misc. 1 (Cir. Ct. 1942); 65 C.J.S., Negligence, sec. 102, p. 644; Restatement of the Law of Torts, sec. 879, p. 446; 1 Stevenson on Negligence Law in New Jersey, sec. 7, p. 286; and 2 Stevenson, sec. 7, p. 7; 16 A.L.R., Automobiles  Joint Liability, p. 465, and 62 A.L.R., pp. 1425-1430 and collated cases of other jurisdictions.
On the other hand,
"`if the results [of the negligent acts] as well as the acts are separable, in theory at least, so that it can be said that the act of each [tortfeasor] would have resulted in some injury, however *231 difficult it may be as a practical matter to establish the exact proportions of injury caused thereby, each can be held liable only for so much of the injury as was caused by his act.' Cooley on Torts, sec. 86."
Leishman v. Brady, 9 W.W. Harr., Del., 559, 3 A.2d 118 (Super. Ct. Del. 1938); Jackson v. Geiger, 103 N.J.L. 490 (E. & A. 1927); LaBella v. Brown, Ibid. 491 (E. & A. 1927); Young v. Dille, 127 Wash. 398, 220 P. 782 (Sup. Ct. 1923); 1 Cooley on Torts, sec. 86, p. 276; Gordon v. Lee, 133 Me. 361, 178 A. 353 (Sup. Jud. Ct. 1935); and Mitchell Realty Co. v. West Allis, 184 Wis. 352, 199 N.W. 390, 35 A.L.R. 409 and Masonite Corp. v. Burnham, 164 Miss. 840, 146 So. 292, 91 A.L.R. 759. One guilty of negligence in causing a collision would be liable not only for the injuries sustained by another, but also for the injuries caused by an intervening concurring cause put in operation by his primary wrongful act, so long as the causal connection between his negligence and the injuries was unbroken. Vadurro v. Yellow Cab Co. of Camden, 6 N.J. 102 (1950), citing Batts v. Joseph Newman, Inc., 3 N.J. 503 (1950).
An action such as that under review may be, as here, instituted against one or both defendants and if against several, one defendant may alone be held liable if the proofs justify it, regardless of the findings as to the other. Malinauskas v. Pub. Service Interstate Transp. Co., 6 N.J. 269 (1951). Matthews v. D., L. & W.R.R. Co., supra; Rose v. Squires, 101 N.J.L. 438 (Sup. Ct. 1925); affirmed 102 N.J.L. 449 (E. & A. 1925); Manowitz v. Kanov, 107 N.J.L. 523, 525 (E. & A. 1930); Vadurro v. Yellow Cab Co. of Camden, supra; Public Service Ry. Co. v. Matteucci, 105 N.J.L. 114 (E. & A. 1928); Ross v. Pennsylvania R.R. Co., 5 N.J. Misc. 811 (Sup. Ct. 1927).
From the facts of this case it clearly appears that there were two separate and independent collisions and that there was not a single indivisible injury suffered respectively by Ristan and Darling caused by the concurrent negligence of the defendants, so as to bring them within the joint tort-feasors' rule. Consequently, Loland could have alone *232 been held liable for all of the personal injury damage sustained by Ristan and Darling, having been guilty of the primary negligence causing such injuries. Vadurro v. Yellow Cab Co. of Camden, supra. And, under the proofs, Frantzen might well have been held independently accountable for the sum total of the plaintiffs' injuries. A review of the proofs will demonstrate the accuracy of such a conclusion. In the first collision, Ristan and Darling were thrown sideways  Ristan in the direction of the left door which was leather, and Darling over against Ristan. Both were fully conscious and neither had left the seat of the truck. However, in the Frantzen collision, which shortly followed, the blow was much more severe, striking Ristan's vehicle directly in the rear. The force was such as to move the plaintiff's truck through an angle of 45 degrees. Mr. Ristan was thrown violently forward towards the steering wheel and dashboard of the truck, bending the steering wheel forward and damaging the dashboard. Mrs. Darling was also thrown forward so that she struck the dash, was rendered unconscious, and was wedged in such a position that it was extremely difficult to extricate her from beneath the dash. The principal injuries sustained by Mrs. Darling were injuries to her legs, chest and head. The principal injuries sustained by Mr. Ristan were to his chest and left knee. It is clear from Mrs. Darling's testimony that she suffered no injury from the first collision, so that the jury was warranted in finding that Frantzen was liable for all her injuries, as was also Loland because of his primary negligence. Similarly, there is such an absence of any testimony by Ristan of injury caused by the first collision, that the jury's verdict against Frantzen, as well as Loland, was warranted.
"It is elementary that it is the province of the jury to settle the facts and to draw the legitimate inferences therefrom, or, when the testimony reveals the situation, which may be expressed by the phrase as a `complicated condition of circumstances' or a `congeries of concurrent circumstances,' a jury question is involved; * * *." Daly v. Singac Auto Supply Co., supra.
*233 While no appeal was taken by either Ristan, Loland or Frantzen from the order granting a new trial as to property damages, it would appear that the new trial to establish the proportionate amount for which each defendant was liable, was entirely proper, in view of the fact that the complaint filed in the district court charged, in separate counts, each defendant with independent negligence  there was no charge of joint negligence.
We have reached the conclusion that no prejudicial or harmful error was committed by the trial court in its charge on the question concerning the liability of the defendants as joint tort-feasors. We think the court properly left to the jury for its determination the question as to whether the defendants were guilty of negligence as independent tort-feasors or whether, under the proofs, they were guilty of such cooperating and concurrent negligent acts as to make them liable as joint tort-feasors. The court's charge, considered as a whole, presented the law fairly and clearly to the jury, and where, as here, that is done, no ground for reversal exists, notwithstanding the fact that some of the expressions, when standing alone, might be regarded as erroneous. Vadurro v. Yellow Cab Co. of Camden, supra.
Nor do we find that the court erred in refusing the defendant's request to charge the law with respect to the duty of Frantzen in the operation of his automobile in the rear of Ristan's vehicle, as the request did not correctly state the appropriate legal rule. The court, we think, sufficiently charged the jury as to the duty resting upon the defendant Frantzen in the operation of his vehicle. One may not require the court to use the language he may request, but if the court has stated the legal principle correctly and intelligently, it suffices. Vadurro v. Yellow Cab Co. of Camden, supra.
With respect to the alleged illegality of the clerk in molding the verdict entered in favor of Mrs. Darling, it is clear from the record that the jury's verdict was $1,010.90, whereas the clerk entered the verdict for $1,101.90. We think that the error was not such that a new trial would be *234 justified, and that we possess the authority to correct it; accordingly, we direct that the judgment in favor of Mrs. Darling be corrected to conform to the jury's verdict, to wit: $1,010.90.
We find no merit in other grounds of appeal asserted by the defendant.
Judgments affirmed.